Stiles v. Vandewater.

WILLIAM F. STILES v. JAMES H. P. VANDEWATER.

1. A defendant in a justice's court, in an action of debt upon contract, begun by a warrant on the ground that the debt was fraudulently contracted by means of false and fraudulent representations with respect to the defendant's property and circumstances, may apply to the justice to set aside the warrant for the insufficiency of the affidavits on which the order of arrest was made, and for a wrongful refusal of such an application may have remedy by appeal. But he cannot offer evidence to show that he made no such representations, and that he was perfectly responsible for all debts he might incur. *Cole* v. *Cliver,* 14 *Vroom* 182; *S. C.,* 15 *Id.* 212, distinguished.

2. Parol evidence that a note payable in three months was given upon an agreement that it should be renewed when it became due, is incompetent within the rule that oral testimony cannot be received to vary the terms of a contract in writing.

On *certiorari* to Monmouth Court of Common Pleas.

Argued at November Term, 1885, before Justices DEPUE, DIXON and REED.

For the plaintiff in *certiorari, R. T. Stout.*

*Contra, E. H. Arrowsmith* and *B. B. Ogden.*

The opinion of the court was delivered by

DEPUE, J. This suit was brought before a justice of the peace, in the court for the trial of small causes. The action was in debt, on a promissory note made by the defendant, for

the sum of $200, dated June 7th, 1884, payable three months
after date. The note was given for the price of a team of
horses sold by the plaintiff to the defendant. The suit was
commenced by a warrant to arrest the defendant. The justice
made an order for the issuing of a warrant, pursuant to the
fourteenth section of the Justices' Court act (*Rev., p.* 541,) on
the ground that the defendant had fraudulently contracted the
said debt. The affidavits on which the order for a warrant
was made set out that the defendant, at the time of the pur-
chase of the horses, represented that he was the owner of the
premises then occupied by him, and built and owned the
buildings thereon, and that the sale of the horses on a credit
without security was induced by that representation, and also
contained some proof that these representations were false.

The defendant, on the appearance day, filed a plea setting out
a denial that he made such representations, and averring that
he was perfectly responsible for all debts he might incur. The
defendant then "requested a preliminary hearing to decide
upon the matters set forth in the affidavits upon which the
order of the justice that a warrant issue was founded." The
justice refused the application, and, after hearing evidence on
the merits, gave judgment for the plaintiff for $200 debt and
costs. On appeal, and a trial before the Court of Common
Pleas, judgment was also given in favor of the plaintiff for
$200 and the costs below and upon the appeal. This writ of
*certiorari* removes the latter judgment.

The defendant's plea is without warrant of law. It is a
traverse of facts set out in the affidavits on which the order
for arrest was made, on which the justice adjudicated that the
defendant fraudulently contracted the debt for which he was
sued. In that respect the plea is totally unlike a plea to the
jurisdiction in the nature of a plea in abatement on the ground
of a personal privilege, such as was sustained in *Cole* v. *Oliver*,
14 *Vroom* 182; *S. C., on error*, 15 *Id.* 212. In that case
the plea filed was that the defendant was a freeholder and
resided in the county in which the process issued, and the
statute which empowers a justice of the peace to issue a war-

rant expressly exempts freeholders and residents of the county from such process. In such cases the justice has no jurisdiction to proceed by warrant. The defendant's plea was not of this character. It did not propose to show exemption from arrest as a personal privilege, on the ground that the defendant was a freeholder and resided in the county. It simply denied the facts set out in the affidavits with respect to the representations made. .

In the higher courts, in virtue of the sixty-fourth section of the Practice act, a judge may order the taking of testimony concerning the truth of the affidavits and proofs upon which an order for arrest was made, and upon the testimony so taken may set aside the order for arrest. *Rev., p.* 859. This statute does not extend to justices' courts, and in that court the common law rule prevails that the affidavits on which the order is made are taken to be true.

The defendant might have moved the justice to set aside the order for a warrant for the insufficiency of the affidavits, and for a wrongful denial of such a motion might have had remedy upon the appeal. *Rev., p.* 556, § 95. The entry in the justice's docket will bear the construction that such a motion was made before him, but it does not appear that it was made in the Court of Common Pleas. All that appears to have been done in that court is that the defendant " moved that the judgment of the justice be reversed because the justice declined to recognize and to hear testimony in support of the plea interposed and filed with said justice." This motion being denied, the defendant applied to the court to hear evidence in support of the plea. Both these motions were properly denied.

Another ground of reversal is that the court refused to hear evidence offered by the defendant to show that the note, although payable by its terms in three months, was given upon an agreement that it should be renewed. The offer was not to show an agreement to that effect in writing. It must be taken, therefore, to be an offer to establish such an agreement by parol, and oral testimony was incompetent to vary

the terms of the written contract.   2 *Parsons on Bills* 503 ; 1 *Dan. Neg. Inst.*, § 80 ; *Wright* v. *Remington*, 12 *Vroom.* 48 ; 14 *Id.* 457.

The judgment should be affirmed.