EMMA L. VAN ETTEN ET AL. V. EDWARD E. HOWELL.

FILED JUNE 5, 1894.    No. 5148.

Evidence Contradicting Terms of Note. Evidence of a
parol agreement entered into by the makers and payee of a
promissory note contemporaneously with or previous to its exe-
cution, whereby it was attempted to be shown that such note
was not to become due according to its plain terms, but that its
collectibility depended upon the happening of an event in the
future, was incompetent, and the jury was properly instructed
to give it no consideration.

ERROR from the district court of Douglas county. Tried
below before DOANE, J.

*David Van Etten,* for plaintiffs in error.

*A. C. Troup, contra.*

RYAN, C.

This suit was brought for the collection of a promissory
note made by the plaintiffs in error to John W. Howell,
for $512.50, due on or before three months after its date,
which was March 26, 1889. One defense was that the
note in suit grew out of one for $450 made between the
same parties, upon which note, however, the answer al-
leged that there was paid to the makers thereof but $325,
wherefore it was insisted all notes subsequent to the first
were tainted with usury. Another defense set up by an-
swer was that the payee of the series of notes resulting in
and including that sued on had, at or before the making of
each note, agreed that payment of it should not be insisted
upon until there was decided in this court a case entitled
*George A. Hoagland v. Emma L. Van Etten et al.* The
defendants also answered that after the giving of the note
last mentioned, and before it was delivered to or discounted

by plaintiff, the said plaintiff was made acquainted with all the facts and circumstances and said agreement in full, whereby he was not an innocent purchaser. Defendants further alleged, by way of answer, that before the note sued on became due, the defendants notified plaintiff of their willingness and readiness to renew the note sued upon, but that such right to renew was denied them. There was a reply in denial of the averments of the answer. Upon a verdict for plaintiff finding due the full amount of the note with interest according to its terms judgment was rendered in the sum of $592.62, to reverse which the defendants, as plaintiffs in error, bring the proceedings to this court for review.

The trial court properly ruled that no evidence was admissible when offered, and instructed the jury that none should be considered which tended to vary or contradict the terms of the several notes by showing that contemporaneously with making each an oral agreement was entered into by the makers and payee contradictory of the terms of such note.

As to the defense of usury, the jury were instructed that if the plaintiff purchased the note in suit in good faith for value, and without notice or knowledge of any usury in the transaction in which the note was given, the plaintiff took such note free from any defense of usury which the defendants might set up against the note. That the purchase of the note by plaintiff was made in the manner above indicated as being such as would afford him protection against the defense of usury, there was such satisfactory evidence that if the verdict turned upon that question alone it must have been sustained. The jury were fully and correctly instructed as to the effect of usury, if that defense by proof had been established as against plaintiff. There is no error apparent in the record, and the judgment of the district court is

AFFIRMED.