BLACK HILLS TRUST & SAVINGS BANK, Respondent, v.
PLUNKETT, et al, Executors, et al, Appellants.

(166 N. W. 527.)

(File Nos. 4254, 4255.   Opinion filed February 25, 1918.)

1.  **Executors and Administrators—Claims—Filing of Note and Agreement Pledging Security, Whether a Claim for Deficiency Only.**

Plaintiff bank held a promissory note, and a supplemental agreement embodied in the same instrument pledging another note and a realty mortgage securing same, as security, together with a certain "settlement agreement," between one of the defendants and a third party constituting additional security, which principal note was executed by the defendants other than the executors, and decedent, and a further agreement that payee was authorized to realize upon the security without

notice to the makers; to pay the deficiency if any remained
after application of the amount received from the collateral;
to keep the security up to a certain amount, and a closing
agreement that "the undersigned agree to be and remain
liable to the holder thereof for any deficiency." **Held,** that
plaintiff, in presenting and filing with the executors of the
deceased maker, a copy of said written instrument and also
of the settlement agreement, made claim against the estate
for the full amount named in the writing, and not merely
for such deficiency as might exist after the security had been
realized upon; such security not having been foreclosed; and
plaintiff was entitled to judgment for said full amount; that
plaintiff was simply doing what was necessary in order to pre-
sent its claim as a preferred claim against any of said security
belonging to the estate.

2.  **Contracts—Promissory Note With Supplemental Agreement for
Security and "To Pay Any Deficiency," Whether Agreement
. to Pay Full Debt.**

An instrument in the form of a promissory note, embodying
also an agreement pledging another note and a mortgage
securing same, as security, and reciting the giving as collateral
security of an assignment of a "settlement agreement" between
one of defendants and a third party; an agreement that payee
was authoized to realize without notice upon the security; an
agreement to pay the deficiency if any remaining after appli-
cation of amount received from the collateral; an agreement
to keep the security up to a certain amount; and a closing
agreement that the signers agreed "to be and remain liable
to the holder hereof for any deficiency,—is not a mere agree-
ment to pay a deficiency, but is one to pay the full amount of
the indebtedness evidenced by the instrument; such instrument
being a promise to pay the full amount therein named, as in
an ordinary promissory note; nor would the recital therein
concerning payment of deficiency convert the writing into a
contract by payee to realize from the security, and to look
to makers for deficiency only.

3.  **Evidence—Promissory Note With Agreement Pledging Security,
Promising Deficiency—Payee's Oral Promise to Extend Time
re Agreement—Directing Verdict Without Striking Out—
Motives, Effect—Remedy.**

In a suit to recover an amount claimed to be due upon an
instrument embodying a promissory note and an agreement
pleading another secured note, as security, and reciting the
giving as collateral security of an assignment of a "settlement
agreement," and that payee might realize without notice on
the security, and agreeing to pay deficiency after application
of collateral, etc., and to be and remain liable for any defi-

ciency, held, that after evidence of an oral promise by payee to extend time for payment of the indebtedness until payment under the settlement agreement should become due, was received over objection by trial court and not stricken out, trial court did not err in directing verdict in favor of payee without striking out said evidence; since the defendant executors of the estate of one of the makers themselves moved for directed verdict upon such record; it also appearing that there was no evidence as to when the settlement agreement fell due. Furthermore, if the settlement agreement was not due when suit was brought, then, either the time it should fall due was different from that provided by the writing itself, or payee agreed that when it fell due payee would then extend time; and in the former event such oral agreement would be repugnant to and contradictory of the written contract, and therefore inadmissible, while under the other construction, the agreement would be shown to have been broken by payee, defendants' remedy in which event would be an action in damages.

Polley, J., taking no part in the decision.

Appeal from Circuit Court, Lawrence County. Hon. ALVA E. TAYLOR, Judge Presiding.

Action by the Black Hills Trust & Savings Bank, a corporation, against Mary E. Plunkett and James J. Plunkett, as executors of the last will and testament of Matt Plunkett, deceased, and others to recover upon a written contract, and from an order denying a new trial, separate appeals were taken by defendants Plunketts and by the other defendants. Judgment and order affirmed.

*W. G. Rice,* for Appellant Executors.

*W. G. Rice,* and *W. S. Elder,* for other Appellants.

*John R. Russell,* and *Martin & Mason,* for Respondent.

To point one of the opinion Appellants cited: Massey v. Tralish, 156 N. W. 791.

WHITING, P. J. Action to recover amount claimed to be due upon a written contract for the payment of money. The Plunketts interposed a separate answer from that of the other defendants. At the close of the testimony both plaintiff and the Plunketts moved for a direct verdict. The court directed a verdict in favor of plaintiff, and upon this verdict judgment was entered. From such judgment and an order denying a new trial separate appeals were taken by the Plunketts and by the other defendants.

For an understanding of the questions presented to us a brief statement of the undisputed facts is necessary. Matt Plunkett and the defendants Oleson, Elder, Polley, and Fargo, desiring to make a loan of plaintiff bank, offered as security a certain note secured by real estate mortgage. Plaintiff made the loan requested, taking a note from such parties and taking, as collateral thereto the security above mentioned. The note was renewed from time to time, and finally, upon the last renewal thereof, the amount of the indebtedness was increased, and the instrument now sued upon was executed. At the time of this last renewal additional security was given, the same being in the form of an assignment of a so-called "settlement agreement" had between one of the defendants and a third party. Instead of the indebtedness existing upon the final renewal being evidenced by a promissory note, and the pledge or hypothecation of security evidenced by a separate writing, but one instrument was executed by the debtors, the first part of which was in the form of an ordinary promissory note whereby the makers promised to pay the amount of their indebtedness, following which covenant for payment the writing contained a pledge of the note and real estate mortgage as security; a recital of the giving, as collateral security, of the assignment of the settlement agreement above mentioned; an agreement that the payee was authorized to realize upon the security without notice to the makers; an agreement to pay the deficiency if any remaining after the application of the amount received from such collateral; an agreement to keep the security up to a certain amount in value; and closing agreement that " the undersigned agree to be and remain liable to the holder hereof for any deficiency." In presenting a claim against the estate of Matt Plunkett, plaintiff presented and filed with the executors a copy of the written instrument above referred to and a copy of the settlement agreement therein mentioned.

[1] One of the contentions upon which the executors rely is that the filing of such claim in the form in which it was filed was a claim merely for such deficiency as might exist after the security had been realized upon, and not a claim for the full amount named in the writing; that, no other claim having been filed in the county court, plaintiff could not recover against these appellants except for such deficiency as might remain after a

realization of such sums as might be recovered from the collateral security; and that, it appearing that such security has not been foreclosed, respondent is entitled to no judgment against the estate. In this contention the executors are clearly in error. In so presenting the claim it is clear that respondent was simply doing that which it was necessary for it to do in order to present its claim as a preferred claim, so that, if the security or any part thereof belonged to the estate of Matt Plunkett, it would be entitled to have its claim treated as a preferred claim and paid out of such security to the exclusion of other claimants; but such presentation of claim to such executors and the county court was not in any sense a presentation of a claim for a mere deficiency.

[2] Appellants all contend that the instrument sued upon is in itself but an agreement to pay a deficiency, and not an agreement to pay the full amount of the indebtedness evidenced thereby. There is no merit in this contention. The instrument is a clean-cut promise to pay the full amount therein named exactly as is the case with any ordinary promissory note. It recites that the security is given as collateral. It is clear that it is given as collateral security to the whole debt. In other words, the transaction was exactly the same as though there had been the ordinary promissory note together with separate instruments by which there had been pledged or hypothecated, as security, the collateral note and the settlement agreement. The mere fact that there is contained therein a recitation that the makers agree to pay any deficiency that may remain after the foreclosure of the security, if the payees see fit to foreclose on the same, does not convert this writing into a contract on the part of the payee whereby it covenants and agrees to realize from the security and to look to the makers for the deficiency only.

[3, 4] There was offered and received in evidence the testimony of various witnesses in relation to an oral agreement which appellants claim was entered into at the time of the giving of the instrument sued upon, being the time when the settlement agreement above mentioned was assigned as further security, by which alleged oral agreement it is claimed that respondent agreed to extend the time for the payment of the indebtedness until such time as payment under the settlement agreement should become due. This evidence was received over objection, and it was

never stricken out. Appellants insist that, with this evidence in the record, the court should not have directed a verdict, but should have submitted to the jury the question of whether there was such an agreement and that the jury should have been instructed that, if it found that such oral agreement was entered into, it should find in favor of the appellants, because, under such agreement, the indebtedness would not yet be due. There are several answers to the position thus taken by appellants. So far as the executors are concerned, it is sufficient to call attention to the fact that they, as well as repondent, moved for a directed verdict, thus leaving with the court the determination of all questions of fact. Bower v. Jones, 26 S. D. 414, 128 N. W. 470. There was no evidence showing when this settlement agreement would fall due. But, conceding that it was not yet due at the time of the bringing of this action, still we find either one of two things established by the claimed oral agreement; either the time when this indebtedness should fall due was fixed at a time different from that provided by the writing itself; or respondent agreed that, when the written contract fell due, it would then extend the time for payment thereof. If we should construe it in the one way, we would have a collateral oral agreement absolutely repugnant to and contradictory of the express terms of the written contract and therefore inadmissable under all authorities. Daniel, Negotiable Instruments, § 80; Stiles v. Vanderwater, 47 N. J. Law, 67, 4 Atl. 658; Van Etten v. Howell, 40 Neb. 850, 59 N. W. 389; Underwood v. Simonds, 12 Metc. (Mass.) 275. If the claimed agreement should be construed the other way, then we would merely have an agreement that has been broken by respondent, the remedy of appellants if any being an action in damages based upon the ground that respondent had agreed to make a new contract when the existing contract matured and had failed to do so. Therefore, construing such claimed agreement in either way, there is no merit to appellants' contention. It was not necessary for the trial court to formally strike this evidence from the record before being authorized to ignore the same and to direct a verdict.

The judgment and order appealed from are affirmed.

Polley, J., taking no part in this decision.