HARE & CHASE, of Wilmington, Inc., a Delaware corporation, *vs.* CHARLES F. L. HUTCHISON and SELENA S. HUTCHISON.

(*July* 15, 1927.)

RICE and RODNEY, J. J., sitting.

*William Prickett* for plaintiff.

*James I. Boyce* for defendants.

Superior Court for New Castle County, No. 142, May Term, 1927.

RODNEY, J., delivering the opinion of the court:

This case is largely controlled by *Continental Guaranty Corporation v. People's Bus Line*, 1 *W. W. Harr.* (31 *Del.*) 595, 117 *A.* 275.

The defendant, however, concludes that the express language of the agreement in the cited case providing after a resale "in case of a deficiency purchaser covenants to pay the same forthwith to holder of said note" differentiates it from the present one where the buyer has only expressly agreed to pay the full purchase price and it may not be inadvisable to briefly consider the remedies of the seller under *Sections* 22 and 24 (*supra*).

It has often been held in other jurisdictions construing statutes other than the Uniform Conditional Sales Act that the retaking of the goods by a conditional vendor was an election of one of two existing remedies and that such action prevented the later exercise of the remedy for the recovery of the purchase price.

We shall not pause to consider these cases for we find none in which such a construction is put upon the Uniform Conditional

Sales Act. Since the adoption of this act by Delaware in 1919, the right of a conditional vendor, after default, to retake the goods, resell them and then recover any deficiency in the purchase price has been fixed by the terms of the act itself. A conditional vendor is a favored creditor. Not only has he the remedies of an ordinary vendor, but he has, in addition, the reservation of title in himself.

The right of a conditional vendor to recover the goods from the vendee and also at a later time to recover the deficiency of the purchase price is not an unqualified right. The purpose of *Section 24* is to reiterate the existence of this right, but to limit and circumscribe its exercise and to point out the consistency or inconsistency of certain remedies.

For the vendor, having retaken the goods, to recover the balance of the purchase price from the vendee, he must resell the goods so retaken and his rights then to recover the deficiency are fixed by *Section 22*.

We shall not further consider *Section 24*, it being conceded that after the retaking of the goods, they were resold by the vendor.

*Section 22 (supra)* gives the right to the seller to recover the deficiency of the purchase price from the buyer after a resale of the goods and application of the proceeds of sale.

The Uniform Conditional Sales Act, and especially *Section 22,* substantially adopts the theory that the buyer has the use of the goods until default; that after default they are then retaken, resold and proceeds credited to account of buyer; that then the seller may recover from the buyer the deficiency of the purchase price for the buyer has had the entire benefit of the goods which the seller lost by the resale.

It is conceded that the plaintiff has a right to recover the deficiency of the purchase price from the buyer, Charles F. L. Hutchison, one of the defendants. It is denied that this right to recover may be upon the promissory note given for the purchase price or that the other defendant Selena S. Hutchison is liable to the plaintiff.

The resale of the goods by the vendor, after the retaking, and the subsequent credit of the proceeds of resale on the note had no

effect of releasing or discharging the liability of Charles F. L. Hutchison other than by the amount of proceeds so credited. The credit of the proceeds of resale did reduce the primary liability of both defendants on the note. With much greater justice could the defendant Selena S. Hutchison have complained if the plaintiff had originally proceeded on the note without the retaking of the automobile and the consequent credit of the proceeds of the resale. This the defendant concedes could have been done.

Being clear, that there was no election of any inconsistent remedy on the part of the plaintiff, the liability of the defendants must be determined under the provisions of the Uniform Negotiable Instruments Act.

*Section* 2836 *of Code of* 1915 (*Section* 192 *of Uniform Negotiable Instruments Act*) provides:

"The person 'primarily' liable on an instrument is a person who by the terms of the instrument is absolutely required to pay the same."

Under this section it is clear that Selena S. Hutchison, the co-maker, is a party primarily liable on the note.

*Section* 2763 *of Code of* 1915 (*Section* 119 *of Uniform Negotiable Instruments Act*) shows the manner in which a negotiable instrument may be discharged. This includes the discharge of a person primarily liable and is exclusive of other methods of discharge.

No discharge of the note is suggested in the affidavit except by the retaking of the automobile which we have heretofore considered.

While the courts of this state are reluctant to grant judgments on affidavit of demand, yet such judgments must be granted when no legal defense appears in the defendant's affidavit and perceiving none in this case, the motion for judgment notwithstanding the affidavit of defense is granted.