PASSAIC DISTRICT COURT.

SUPERIOR FINANCE CORPORATION, A CORPORATION, PLAINTIFF, v. JOHN A. McCRANE MOTORS, INCORPORATED, A CORPORATION, OR IN THE ALTERNATIVE, JOHN A. McCRANE AND JOHN A. McCRANE MOTORS, INCORPORATED, A CORPORATION, AND JOHN A. McCRANE, JOINTLY, DEFENDANTS.

For the plaintiff, *Feder & Rinzler.*

For the defendants, *Cohn & Kohlreiter.*

PERETTI, J. This action is brought by the plaintiff to recover the balance due upon a note given by May and Peter Carpardo to the defendant, John A. McCrane Motors, Incorporated, to secure the payment of the purchase price of a Reo truck which the John A. McCrane Motors, Incorporated, sold to the Carpardos under a conditional sales contract.

John A. McCrane Motors, Incorporated, the payee of the note, assigned the conditional sales contract to the plaintiff, and also endorsed the note, with a provision guaranteeing the payment, and negotiated the note before maturity, for value and without notice to the plaintiff, so that the plaintiff is a *bona fide* holder for value.

There being default in the terms of the contract, the plaintiff repossessed the Reo truck in accordance with the provisions of the conditional sales contract and the Uniform Conditional Sales act, as adopted in New Jersey. *Pamph. L.* 1919, *ch.* 210.

The amount claimed to be due represents the deficiency resulting after the resale of the car by the plaintiff, the proceeds of the sale not having been sufficient to defray the expenses thereof, or the expense of retaking, keeping and storing of the car.

Since the enactment of the Conditional Sales act, the courts of those states having adopted the act have held, without exception, that the buyer under the conditional sales contract (or anyone else who has succeeded to the obligation of the buyer) remains liable after such resale for any deficiency.

*Continental Guaranty Corporation* v. *People's Bus Line, Incorporated,* a Delaware case reported in 117 *Atl. Rep.* 275, is authority for the rules of law which permits the conditional seller to sue for the deficiency where the Conditional Sales act contained such a provision regardless of the statute; *Hare & Chase of Wilmington, Incorporated,* v. *Hutchinson et al.,* reported in 138 *Atl. Rep.* 611, Judge Rodney, delivering the opinion of the Superior Court commences:

"This case is largely controlled by Continental Guaranty Corporation *v.* People's Bus Line."

The only point raised in the brief filed by counsel for the defendants is, in substance, that the sale was held more than thirty days after the retaking of the car, and that in that respect, the Conditional Sales act was violated, thereby releasing Carpardos from liability, and that by operation of law, the defendant John A. McCrane Motors, Incorporated, is also released from liability.

According to my recollection of the evidence, the sale did not take place more than thirty days after the retaking.

The question raised by the defendants is, however, inapplicable, because this suit, as already indicated, is not predicated upon the conditional sales contract, but upon a note which is a separate and distinct obligation. The note contains no reference to the Conditional Sales act, or any provision relating to retaking of the car, or any resale, and being a contract, it cannot be altered or modified by parol evidence. *Stiles* v. *Vanderwater,* 48 *N. J. L.* 67; 4 *Atl. Rep.* 658.

At the trial of the case, counsel for defendant consumed considerable time contending the plaintiff made an election of remedies, and thereby lost the right to sue upon the note. However, no mention is made of it of the point in his brief. Undoubtedly, he is convinced, there is no legal basis for the support of the argument.

The law is where a conditional sales contract contains a provision reserving unto the conditional seller the right to sue for a deficiency, the repossession proceedings does not constitute an election of remedies. The Uniform Conditional Sales act (*Pamph. L.* 1919, *ch.* 210) also contains an express provision reserving unto the seller the right to sue for a deficiency after retaking the property.

In the note case the plaintiff has the right to sue for the deficiency both under the express conditions of the Conditional Sales act (see *Continental Guaranty Corporation* v. *People's Bus Line, Incorporated, supra*).

Judgment is awarded in favor of the plaintiff and against the defendants for three hundred and sixteen dollars and seventy ($316.70) cents, together with interest amounting to ninety-six dollars and sixty ($96.60) cents, making a total of four hundred and thirteen dollars and thirty ($413.30) cents, besides costs of suit.