WILLIAM SEARCH, PLAINTIFF IN ERROR, v. JAMES P. MILLER, DEFENDANT IN ERROR.

1. **Replevin:** VERDICT OF JURY. In replevin, when the property has been delivered to the plaintiff, if the jury find for the defendant, they must also find whether the defendant had the right of property, or the right of possession only, at the commencement of the suit; if they find either in his favor, they must also find the value of the property, or the value of the possession of the same, and damages for withholding the property. If the verdict is silent upon those points, no judgment can be rendered for any amount whatever.

2. **Negotiable Instruments.** A negotiable promissory note is *prima facie* evidence of a sufficient consideration, but when between the parties to the instrument evidence is introduced by the defendant to rebut this presumption, the plaintiff must satisfy the jury by a preponderance of evidence that there was a consideration.

NOTE.—Property in a replevin suit had not been taken, and the action was being prosecuted for damages. Verdict thus: "We, the jury * * find for the defendant." *Held*, good: *Meredith v. Kennard*, 1 Neb., 315. Jury must assess damages. *School District v. Shoemaker*, 5 Neb., 38. *Black v. Winterstein*, 6 Neb., 224. Jury may be waived and damages assessed by the court. *Baker v. Daily*, 6 Neb., 465. Surety on replevin bond given by a plaintiff cannot maintain an action of replevin against one wrongfully dispossessing such plaintiff of the property. *Jimmerson v. Green*, 7 Neb., 26. See also as to verdicts and judgment in replevin suits. *Mercer v. James*, 6 Neb., 406. *Faulkner v. Myers*, Id., 414. *Frey v. Drahos*, 7 Neb., 194. *Hooker v. Hammill*, Id., 231. *Moore v. Kepner*, Id., 291. *Eiseley v. Malchow, post.*—REP.

3. **Evidence:** PREPONDERANCE. In a civil action a preponderance of evidence is all that is required to sustain the claim of a party to the action.

4. **Replevin:** INSTRUCTIONS TO JURY. The jury should be informed as to which party is in possession of the property at the time of the trial; and they should be instructed by the court as to the proper mode of estimating damages in each particular case.

5. ———: ———. Instructions should be directed to the particular questions at issue, and be confined to those questions.

ERROR to York county district court. Tried before POST, J. The case is stated in the opinion.

*France & Sedgwick,* for plaintiff in error.

1. The verdict does not comprehend the whole issue, and should have been set aside. *Warner v. Hunt,* 30 Wis., 200. *Appleton v. Barrett,* 22 Wis., 568. *Child v. Child,* 13 Wis., 17. *Smith v. Phelps,* 7 Wis., 211. *Handy v. Levin,* 5 Ohio, 228, 239, 259. *Boynton v. Page,* 13 Wend., 425. *Bemus v. Beekman,* 3 Wend., 667, 672, 674. *Black v. Winterstein,* 6 Neb., 224. *School District No. 2 v. Shoemaker,* 5 Neb., 36.

2. The court was correct in its instructions to the jury concerning the consideration of the note. *Delano v. Bartlett,* 6 Cush., 364. *Powers v. Russell,* 13 Pick., 69, 76. *Parish v. Stone,* 14 Pick., 198, 201. *Davis v. Jenning,* 1 Met., 221, 224. *Sperry v. Wilcox,* 1 Met., 267. *Commonwealth v. Dana,* 2 Met., 329, 340. *Brown v. King,* 5 Met., 173, 180. *Tourtellot v. Rosebrook,* 11 Met., 460. Story on Promissory Notes, 209 (Note 2.)

*Edward Bates,* for defendant in error.

1. The court committed no error in rendering judgment on the verdict in this case, inasmuch as the defendant entered a remittitur of the excess of the damages or value of the property. The verdict finds that

the defendant was entitled to the possession of the property at the commencement of this action, and one dollar for the use of the same. This will support a judgment. *Faulkner v. Meyers*, 6 Neb., 414. The verdict is good without the remittitur, as Miller was agent of Roby, the general owner of the property. *Robinson v. Fitch*, 26 Ohio St., 559. *Adams v. Neb. City Nat. Bank*, 4 Neb., 370.

2. The instruction complained of was correct. 2 Parsons on Contracts, 519. *Miner v. Bradley*, 22 Pick., 457. *Baker v. Higgins*, 21 N. Y., 397. *Crosby v. Loop*, 14 Ill., 330. *Bank v. Topping*, 13 Wend., 557.

MAXWELL, CH. J.

The plaintiff instituted an action of replevin before a justice of the peace to recover the possession of a certain wagon, and judgment was rendered in his favor. The defendant appealed to the district court, and on the trial of the cause the jury returned a verdict in his favor, upon which judgment was rendered. The plaintiff brings the cause into this court by petition in error.

The verdict is as follows:

" WILLIAM SEARCH
        *v.*
" JAMES P. MILLER.

" We the jury, duly impaneled and sworn in this case, do find and say, that at the commencement of this suit said defendant did not unlawfully detain said goods and chattels described in said plaintiff's petition, and that said defendant was, at the commencement of this action, entitled to the possession of said property; and that the value of said property was, at the time of the commencement of this suit, $70, and that the use of the same is worth $1.

" W. L. JENNINGS, Foreman."

The plaintiff objects to the verdict on the ground that it does not comprehend the whole issue made by the pleadings, and therefore it should have been set aside.

Section 191 of the code of civil procedure provides that in all cases where the property has been delivered to the plaintiff, where the jury shall find upon the issues joined for the defendant, they shall also find whether the defendant had the right of property or the right of possession only at the commencement of the suit; and if they find either in his favor, they shall assess such damages as they think right and proper for the defendant; for which, with costs of suit, the court shall render judgment for the defendant. Gen. Stat., 554.

Section 7 of the act to amend the code, approved February 26, 1873 (Gen. Stat., 713), provides that the judgment in the cases mentioned in sections 190, 191, and 1041, shall be for a return of the property, or the value thereof in case a return cannot be had, *or the value of the possession of the same,* and for damages for withholding said property, and for costs of suit.

The judgment must conform in amount to the finding of the jury, and when the verdict is silent upon that point judgment cannot be rendered for any amount whatever. *Black v. Winterstein,* 6 Neb., 224.

The jury, when they find the right of possession in the defendant, must also find the value of the same, and damages for withholding the property. And if they fail to do so, no judgment for damages, or the value of the possession in case the property is not returned, can be rendered.

In this case the jury find the right of possession in the defendant, but do not find the *value* of such *right,* but proceed to find the *value of the property.* This can only be done where the jury find the right of property

in the defendant. The verdict, therefore, is not responsive to the issue made by the pleadings.

The action was instituted to recover the possession of goods taken under a chattel mortgage, the mortgage being given to secure the payment of a negotiable promissory note for the sum of $50, which the plaintiff claims was given without consideration. On the trial of the cause, the court instructed the jury as follows : " The law presumes that the note was given for a valuable consideration; therefore the burden of proof on this is on the said Search—that is, you must presume that the note was given for a valuable consideration until this presumption is overcome by evidence tending to show that there was no consideration. And, unless there is a clear preponderance of evidence going to impeach such consideration, you must regard the note as being given for a valuable consideration." The plaintiff excepted to the instruction, and now assigns the same for error.

That a negotiable promissory note imports in itself a consideration is undisputed. And such note, being *prima facie* evidence of consideration, may be given in evidence without other proof of consideration, and in the absence of opposing testimony will be sufficient to sustain a judgment founded thereon. But in an action between the parties to the instrument, when evidence has been introduced to rebut this presumption, the burden is upon the plaintiff to satisfy the jury, by a preponderance of evidence, that there was a consideration. *Black River Bank v. Edwards*, 10 Gray, 387. *Delano v. Bartlett*, 6 Cushing, 364. 1 Daniel on Neg. Inst., § 164.

The court also erred in instructing the jury that a " clear preponderance of the evidence was required to impeach the consideration." In a civil action a preponderance of evidence is all that is required to sustain the claim of a party to the action.

But for the return of the officer there would be nothing in the record to show that the property had been delivered to the plaintiff. In cases of this kind the court should inform the jury as to whom the property had been delivered, and in whose possession it was at the time of the trial, and they should be instructed as to the proper mode of estimating damages in each particular case. The instructions of the court to the jury should, if possible, be brief, be directed to the particular questions at issue, and be confined to those.

For the errors above indicated the judgment of the district court is reversed, and the cause remanded for further proceedings.

.REVERSED AND REMANDED.