## JOHN L. SMITH V. WILLIAM KINNEY.

[FILED JUNE 30, 1891.]

Negotiable Instruments: CONFUSIO: FAILURE OF CONSIDERATION MAY BE PROVED. J. L. S. gave his promissory note to W. K. for $80, due in eight months, which W. K. indorsed to J. M. C. as collateral, with a chattel mortgage, to secure a loan on his own note of $86.75. J. L. S. bought both notes and the mortgage for $88.90. In his action against W. K. to foreclose the mortgage and satisfy the second note, *held*, that it was error in the trial court to overrule the plaintiff's offer of proof that the original note to the defendant was without consideration.

ERROR to the district court for Nuckolls county. Tried below before MORRIS, J.

*G. R. Chaney, Charles S. Lobingier,* and *G. W. Stubbs* for plaintiff in error:

The consideration of a note may be questioned in a suit between the original parties. (*Search v. Miller,* 9 Neb., 30; 1 Daniel, Neg. Inst., secs. 174, 187, 805.) Mutual debts, demands, or simple contracts do not *per se* extinguish each other. (*Willy v. Collins,* 9 Ga., 240; *Post v. Carmalt,* 2 W. & S. [Pa.], 72.) Set-off is permissive but not compulsory. (*Himes v. Barnitz,* 8 Watts [Pa.], 39.) Campbell was an innocent purchaser. (1 Daniel, Neg. Inst., 821–4; *Savings Ass'n v. Hunt,* 17 Kan., 532.) Could transfer both the principal claim and the collateral (Colebrooke, Collateral, sec. 106; *Chapman v. Brooks,* 31 N. Y., 75; *Goss v. Emerson,* 23 N. H., 38); and all his rights vested in Smith by the transfer. (*Adams v. Neb. City Bank,* 4 Neb., 370; *Marseilles Mfg. Co. v. Morgan,* 12 Id., 66; *Nelson v. Garey,* 15 Id., 535; Jones, Chattel Mtges., sec. 426 and citations; Code, secs. 29–31.) Smith purchased subject to the equities in favor of Kinney, which can be

tried in this action. (Colebrooke, sec. 107, and citations.) Payment by Kinney of his own note would merely have placed the parties *in statu quo*. (*Ins. Co. v. Jones*, 26 Conn., 25; Colebrooke, sec. 107.)

*S. A. Searle, contra,* filed no brief.

COBB, CH. J.

The plaintiff in error, who was plaintiff below, alleges that on May 1, 1888, he made his promissory note for $80, payable eight months after date, for what he then considered a valuable consideration, and delivered the same to the defendant in error, with an agreement that if the consideration failed, the note was to be returned and canceled, and the consideration of the note wholly fail. That on May 29, 1888, the defendant executed and delivered his promissory note for $86.75 to J. M. Campbell, payable August 29, 1888, to secure which he executed to the payee a chattel mortgage, and also delivered to him plaintiff's note as collateral security. The plaintiff purchased and took an assignment from Campbell of defendant's note and chattel mortgage, and received his own note for $80, which had been indorsed by defendant and delivered over as collateral security. The conditions of the chattel mortgage having been broken, the plaintiff undertook to enforce payment of the note of $86.75 by a foreclosure of the mortgage. Possession of the property being refused under it, the property was taken by replevin, "one Hastings well auger and all the couplings and fixtures, and appurtenances thereto belonging."

The defendant appeared and answered by a general denial.

There was a trial to a jury on May 8, 1889, with a verdict finding the right of property and right of possession thereto at the commencement of the suit in defendant, and assessing the value of it at $180, and defendant's damages

at five cents,   A motion for a new trial was overruled and judgment was entered on the verdict.

At the trial it was agreed before the court that the defendant gave the note for $86.75 to Campbell for borrowed money, and as collateral security he attached to it the plaintiff's note for $80, and the purchase by plaintiff of the first note from Campbell.

The plaintiff offered to prove on the trial that the consideration for which his note was given to defendant had failed, by showing the agreement made in reference to its cancellation at the time it was given, and the facts making a complete failure of consideration.   This offer was overruled and an exception taken to the ruling of the court.

The cause is brought for review for the reasons :

1. The exclusion of evidence on the offer of the plaintiff.

2. The verdict is not sustained by sufficient evidence.

3. Is contrary to law.

4. Instruction to the jury for the defendant.

An action reviewed in this court, of *Search v. Miller*, reported 9 Neb., 30, was instituted to recover possession of goods under a chattel mortgage given to secure the payment of a negotiable promissory note for $50, which the plaintiff in error claimed was without consideration.   On the trial the court instructed the jury that " the law presumes that the note was give for a valuable consideration. The burden of proof is therefore on the defendant, and unless there is a clear preponderance of evidence going to impeach such consideration, you must regard it as valuable." On review of exceptions to this instruction, the court said, MAXWELL, Ch. J.: " That a negotiable promissory note imports in itself a consideration, is undisputed. And such note being *prima facie* evidence of consideration, may be given in evidence without other proof, and in the absence of opposing testimony will be sufficient to sustain a judgment.   But in an action between the parties to the instrument, when evidence has been introduced to rebut this

presumption, the burden is upon the plaintiff to satisfy the jury, by a preponderance of evidence, that there was a consideration." (*Bank v. Edwards*, 10 Gray [Mass.], 387; *Delano v. Bartlett*, 6 Cushing [Mass.], 364; 1 Daniel on Nego. Insts., 164.)

The chief justice further said that " The court also erred in instructing the jury that 'a clear preponderance of the evidence was required to impeach the consideration.'" The judgment of the trial court was reversed.

As between what parties the consideration is open to inquiry, it is laid down by Daniel, sec. 174 : " The same rule of inquiry between the original payer and payee extends to any suit of parties between whom there is a privity ; between the immediate parties to any contract evidenced by the drawing, accepting, making, or indorsing a bill or note, it may be shown that there was no consideration, as that it was for accommodation, or that the consideration had failed, or a set-off may be pleaded ; but as between other parties remote to each other, none of these defenses are admissible."

We have followed the commentator far enough for the present consideration.  From the authorities cited it is clear that the plaintiff should have been permitted to have shown by evidence the circumstances and conditions of the want of consideration alleged of his own note of $80, indorsed by the defendant to a third party, and by him transferred to plaintiff as collateral security to the defendant's note and chattel mortgage, on which this suit is brought.

The overruling of the plaintiff's offer of proof of the want of consideration for his note was error.

Under these conditions, the preponderance of evidence, showing to the jury a valid consideration for the note, was upon the defendant, as the proponent of that fact in issue, and the jury should have been instructed accordingly.

The first, second, and third errors are therefore sustained.

The Code of Civil Procedure of this state, sec. 46, pro-

vides, "The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in."

The policy of the law is, that "The judgment in replevin should, so far as possible, adjust all the equities which arise between the parties to the suit in its progress, and in a suit by the general owner against one who claims a special interest.   *   *   *   In claim and delivery brought to get possession of property in order to sell it to satisfy a lien, if all the parties are before the court, the court should settle the rights of all parties.   As the plaintiff is but a trustee the value of his interest should be ascertained."   (Cobbey on Replevin, sec. 1148.)

From the authorities cited it does not appear doubtful that the instruction to the jury, that "if the plaintiff had any claim for damages for the breach of warranty, it was the subject of another action, and could not be set up to maintain his title to the chattel mortgage in this action," was not the rule of law applicable, but was a reversible error.   The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

THE other judges concur.