ELI PLUMMER ET AL. V. DE FOREST E. GREEN, TRUSTEE.

FILED OCTOBER 7, 1896. No. 6736.

1. **Evidence: ADMISSIBILITY OF NOTE AND CHATTEL MORTGAGE: FRAUD.** A negotiable promissory note imports, or is, *prima facie* evidence of a consideration, and when such a note and the accompanying chattel mortgage securing its payment are properly identified they may be received in evidence, and this is true in an action in which their validity is attacked on the ground of fraud, as against the rights of the creditor of the maker.

2. **Note and Mortgage From Guardian to Ward.** A guardian of a minor may execute and deliver to the ward, or a trustee for the ward, a note and mortgage to evidence an indebtedness of the guardian to the estate of the ward, and such instrument will be valid and binding notwithstanding the fact that the guardian, as such, had theretofore given a bond to the proper court. The note and mortgage are but additional and further security, beyond the bond, for the payment of the money to the ward's estate.

3. ———: RIGHTS OF CREDITORS. The delegation of the trust by the guardian to the payee of the note and mortgage, in and of itself, was without effect on the rights of the creditors, and hence was an action on the part of the guardian of which the creditors could not complain.

4. ———: PAYMENTS: EVIDENCE: CONVERSION. Evidence was offered to show that the amount of the indebtedness evidenced by the note and mortgage given by the guardian to the trustee for the wards had been considerably lessened by payments made to the wards' estate by the guardian, which, on objection, was excluded. The action was one for recovery of the creditors for the conversion of the property included in the mortgage. *Held,* That the trustee could not recover any sum in excess of the amount due on the mortgage, hence the evidence offered was competent and should have been admitted.

ERROR from the district court of Lancaster county. Tried below before HALL, J.

The opinion contains a statement of the case.

*Mockett, Rainbolt & Polk* and *Reese & Gilkeson,* for plaintiffs in error:

Where a transfer to a relative deprives creditors of payment for goods sold to the transferrer, it devolves

upon the transferee to prove the actual consideration paid, and the *bona fides* of the transaction. (*Bartlett v. Cheesbrough*, 23 Neb., 767; *Carson v. Stevens*, 40 Neb., 112; *Plummer v. Rummel*, 26 Neb., 142; *First Nat. Bank v. Bartlett*, 8 Neb., 319; *Aultman v. Obermeyer*, 6 Neb., 260; *Thompson v. Loening*, 13 Neb., 387.)

The office of trustee cannot be delegated, as it is one of personal confidence. (Flint, Trustees, sec. 151; *Trutch v. Lamprell*, 20 Beav. [Eng.], 116;. *Beckman v. Bonsor*, 23 N. Y., 298.)

*Charles O. Whedon, contra:*

A negotiable promissory note imports a consideration and may be given in evidence without proof as to what the consideration actually was. (*Search v. Miller*, 9 Neb., 26; Edwards, Bills & Notes [2d ed.], 76; Chitty, Bills, 80; *Burnham v. Allen*, 1 Gray [Mass.], 496.)

Whoever alleges that a promissory note is without consideration has the burden of proof. (*Flint v. Phipps*, 16 Ore., 437; *Cagle v. Lane*, 49 Ark., 465; *McCormick Harvesting-Machine Co. v. Jacobson*, 42 N. W. Rep. [Ia.], 499; *Andrews v. Hayden*, 11 S. W. Rep. [Ky.], 428; *Cunningham v. Hoff*, 118 Ind., 263.)

HARRISON, J.

This action was instituted by De Forest E. Green, as trustee for Gertie, Beryl, and Joe Roberts, minors, against Eli Plummer, Rosa A. Perry, and John Fitzgerald, partners doing business at Lincoln under the firm name of Plummer, Perry & Co., to recover the damages alleged to have been caused by the conversion by the firm of certain property belonging to the plaintiff. It was pleaded in the petition, in substance, that there had been executed and delivered to De Forest E. Green, as trustee for said minors, by one G. B. Britton, on July 10, 1891, a promissory note in the sum of $1,037.50, and as security for the payment of the indebtedness evidenced by the note a chattel mortgage on a stock of groceries

and store furniture and fixtures, all in a building in the city of Lincoln; that the mortgage was duly filed on the day of its execution, and possession of the property covered by it was taken on the 13th of July, 1891; that after all the foregoing had occurred the defendant firm converted the whole of such property to its use, to the damage of plaintiff. The answer contained a general denial and a justification of taking the property, in that it was under a writ of attachment in favor of the firm heretofore stated. The chattel mortgage was stated to be an assignment for the benefit of creditors generally. It was further pleaded that the minors were the children of the mortgagor, G. B. Britton, and she had been duly appointed their guardian; that such appointment was made by the district court of Montgomery county, Iowa, and was in full force and effect at the time the note and mortgage were executed under which plaintiff herein claimed to hold the possession of the property alleged to have been converted; that G. B. Britton had given bond for the faithful performance of all her duties as guardian, and to account for and pay over all moneys of her wards coming into her hands, or control, as such guardian; that the minors were not creditors of G. B. Britton, and that the mortgage was an attempted transfer of the property to the plaintiff as their trustee, and was made with the intent to cheat and defraud the creditors of G. B. Britton. It was further stated that any and all property in her hands left to said minor children was placed there by the district court of Montgomery county, Iowa, and that said minor children could in nowise be creditors of said G. B. Britton; that said pretended transfer by said pretended chattel mortgage was made with intent to cheat and defraud, hinder and delay the creditors of said G. B. Britton. The reply contained an admission that said G. B. Britton had been the owner of the property involved, also that defendants, through the sheriff, took possession of the property under an order of attachment issued in an action by them against G. B. Britton, and a general

denial of each and every other allegation of the answer. As a result of a trial of the issues plaintiff was awarded a verdict and judgment, to reverse which is the object of the pending error proceedings on behalf of defendants.

It appears from the evidence that Mrs. G. B. Britton was the mother of the minors and had, by the district court of Montgomery county, Iowa, been duly appointed their guardian, had filed the bond required by law, which had been approved, and pursuant to such appointment, and in the course of her duties as guardian, had become possessed of certain money belonging to her wards, which she had used for her own business purposes,—"borrowed," she expressed it in her testimony. On July 10, 1891, Mrs. Britton was in business in Lincoln; had and was conducting there a grocery or general store, in which, owned by her and in her possession, was the property, the seizure of which under the writ of attachment is the basis of the complaint in this action. On the date mentioned she claims, actuated by a desire to secure to and for the benefit of her children the repayment of the amount of money which she, as their guardian, had received for them and had herself used, she executed and delivered to the plaintiff, as trustee for the children, the note and mortgage by virtue of which plaintiff claimed the property. It further appears that plaintiff took possession of the property, stock of goods, etc., on the day the mortgage was executed and delivered to him, and was in possession thereof at the time the writ of attachment was levied, July 13, 1891. On the part of the plaintiff the signature to the note and mortgage were proved, or the instruments were identified and offered in evidence. Objection to their reception was interposed, and it was urged then, and is now, that it devolved upon the plaintiff to show an indebtedness existing, which the note and mortgage were given to evidence, —to show the consideration. The note i. ported a consideration and was *prima facie* evidence of a consideration (*Search v. Miller*, 9 Neb., 26); and when the note and

mortgage had been identified they were competent as evidence and it was not error to receive them.

It is insisted that, the guardian having given bond, the responsibility or liability for any default in the care of the funds of her wards would arise under the terms of that instrument and could only be recovered in an action thereon. With this argument we cannot agree. The note and mortgage were but further and additional security for the amount in the care of the guardian, and for which she was personally responsible. If she desired to give this additional security it was perfectly competent for her to do so, and the instruments executed in pursuance of her purpose were valid. The fact that she had, theretofore, given the bond as guardian could in no manner or degree bear upon or influence the question of the validity of the note and mortgage. (*Jennings v. Jennings,* 37 Pac. Rep. [Cal.], 794.)

It is also urged that the guardian held the money in trust for her wards and could not delegate the trust, and by so doing shift the responsibility of the care of the trust or relieve herself of liability for any default in its execution or any loss which might have occurred. (1 Perry, Trusts [3d ed.], sec. 402.) The transfer of the title to the trust funds and the power to collect them, by the guardian, to the plaintiff in this case did not concern the defendants, and was something of which they could not complain in an action to recover from them property which had been subjected to the payment of the money due the wards, and which defendants had converted to their own use.

Evidence was offered on behalf of defendant in an effort to prove that the amount of the funds belonging to the minors, as evidenced by the note given to plaintiff as their trustee, had been considerably lessened by payments made by the guardian subsequent to the time the note was executed. This class of evidence was objected to by counsel for plaintiff and was excluded by the court. In this we think the trial judge erred. The plaintiff was

not entitled to recover of defendants, if anything, more than was due from Mrs. Britton to her wards; hence evidence which tended to show the true amount of such indebtedness was competent and material and its exclusion prejudicial to the rights of plaintiffs in error. There was a number of offers of the sort of evidence alluded to, and we will not notice them in detail or refer to them particularly. The exclusion of the evidence was prejudicial error and calls for a reversal of the judgment.

REVERSED AND REMANDED.