UNION BANKING CO. *v.* MARTIN'S ESTATE.

1. BILLS AND NOTES—EXECUTION AND DELIVERY—PROOF OF.
   The execution and delivery of a note is sufficiently shown to permit of its being received in evidence where the payee produces the same in court, and calls a witness who testifies that he has frequently seen the alleged maker write her name, and that, in his opinion, the signature to the note is genuine.

2. SAME—CONSIDERATION.
   A note given to procure an extension of time for another upon his individual obligation is supported by a sufficient consideration.

3. SAME—MATERIAL ALTERATION.
   The signing of such a note by the debtor, for whose benefit the instrument was given, after it comes into the possession of the payee, is not a material alteration.

Error to Berrien; Coolidge, J. Submitted June 17, 1897. Decided June 28, 1897.

The Union Banking Company of St. Joseph presented a claim against the estate of Jane E. Martin, deceased, upon a promissory note. The claim was allowed by the commissioners, and the estate appealed to the circuit court. From a judgment for claimant, defendant brings error. Affirmed.

*James O'Hara*, for appellant.

*Lawrence C. Fyfe* and *N. A. Hamilton*, for appellee.

LONG, C. J. Claimant presented a note of $2,500, dated January 10, 1894, signed by the deceased and one Warren Ballengee, to the commissioners on claims for allowance. It was allowed, and on appeal to the circuit court the jury found in favor of the claim, and judgment was entered in favor of claimant.

It appears that, prior to the giving of the note in suit, Ballengee was indebted to the bank on three notes,—one of $300, one of $700, and the other of $1,500. These notes were secured by chattel mortgage. The note in suit was taken, and the Ballengee notes were given up by the claimant and canceled. On the day this note was brought to the bank it was signed only by the deceased. Just who brought the note to the bank is not made apparent, but, after it was brought in, Mr. Ballengee came in and signed it, and took up his three notes and mortgage.

1. It is contended by defendant here that the court erred in receiving the note in evidence, as there was no proof of its execution or delivery. In this counsel is in error. The claimant called Mr. Kelley as a witness, who testified that he had frequently seen Mrs. Martin write her signature, and that he should say it was her signature to the note. There was also the evidence of the note in possession of the claimant, and its being signed by Mr. Ballengee after it came into its possession. Certainly no other proof was necessary to its being introduced in evidence by the claimant, as it was made payable to it.

2. The consideration for the note was the extension of time of payment to Mr. Ballengee.

3. It is claimed that there was a material alteration in the note after Mrs. Martin signed it.   This alteration is said to be the signature of Mr. Ballengee thereon.   The testimony shows that Mr. Ballengee was the son-in-law of the deceased, and the note was evidently given to procure an extension of time for him to pay his debt at the bank, and relieve his property from the incumbrance of the chattel mortgage.   In signing the note after it had passed to the payee, Mr. Ballengee became a maker, and there was no material alteration in it.   *Miller* v. *Finley*, 26 Mich. 249 (12 Am. Rep. 306); *Gano* v. *Heath*, 36 Mich. 441.

The judgment is affirmed.

The other Justices concurred.