STEBBINGS *v.* KLEIN.

1. BILLS AND NOTES—CONSIDERATION—AGREEMENT TO PAY DEBT OF ANOTHER—BROKERS—COMMISSIONS.

Where plaintiff had real estate listed with it for sale which another real estate firm sold to defendant, and in pursuance of an agreement between the real estate firms defendant gave to each a note for one-half of the commission which he agreed to pay, in an action on the note given to plaintiff defendant's claim that it was an undertaking to pay the debt of another and therefore void for lack of consideration cannot be sustained, since the consideration for the note was the commission which defendant agreed to pay.

2. SAME—SET-OFF AND RECOUPMENT—PRINCIPAL AND AGENT.

In an action on a note given by defendant to plaintiff in payment of a commission on the purchase of real estate, rent, if any, owing by plaintiff's salesman to defendant could not be set off.

Error to Wayne; Mandell (Henry A.), J. Submitted January 24, 1923. (Docket No. 18.) Decided April 27, 1923. Rehearing denied June 21, 1923.

Assumpsit by William H. Stebbings and George W. Taylor, copartners as Stebbings & Taylor, against Walter E. Klein on a promissory note. Judgment for plaintiffs on a directed verdict. Defendant brings error. Affirmed.

*William J. Bane,* for appellant.

*George B. Murphy,* for appellees.

MOORE, J. Defendant wanted to buy a home in March, 1921, and employed Loeffler-Casenhiser, a real estate firm, to obtain such property. This firm had no property listed that would meet defendant's requirements and Mr. Casenhiser, who had formerly worked for plaintiffs, called upon them to ascertain if they had such property. The plaintiffs had listed for sale property located in the Palmer Woods district of Detroit, which defendant afterwards bought. In his contract of purchase defendant agreed, we quote:

"The undersigned purchaser agrees to pay Loeffler & Casenhiser three per cent. commission on eighty thousand dollars."

It was the understanding between the two real estate firms that this commission should be divided between them "fifty-fifty." Later Mr. Casenhiser procured from the defendant two notes of $1,200 each in lieu of the cash which it was expected would be paid for the commission when the deal was closed. One of these notes reads:

"Detroit, Mich., April 23, 1921.
"Ninety days after date for value received I promise to pay to the order of Stebbings and Taylor Twelve Hundred and no/00..Dollars. At the Detroit Sav-

ings Bank with interest at seven per cent. per annum after maturity.

"$1,200.00.     WALTER E. KLEIN."

This note was delivered by Mr. Casenhiser to the plaintiffs in the expectation that it would adjust the division of the commission between the two real estate firms. The note was not paid when it became due and suit was brought upon it. The declaration also contained the common counts in assumpsit. The defendant pleaded the general issue and gave notice of recoupment and set-off. The defense was based upon the claim that Mr. Leighton, who was a salesman of the plaintiffs and had taken an active part in the sale transaction, had become a tenant of defendant in a furnished house on Philadelphia avenue, and had agreed to pay rent at the rate of $90 a month, which agreement he had not carried out.

We quote from the testimony of Mr. Klein:

"*Q.* When Leighton called upon you to pay this note presented to you, what did you say to him?

"*A.* Why, I was willing to pay the amount, but I never figured that I owed them anything.

"*Q.* What did you say to him in reference to the amount due upon the Philadelphia—

"*A.* I requested him for payment. I asked him to pay me the amount of the rent. I was willing to pay, but I wanted to be paid. I couldn't get it. I asked him for the payment of rent the same time the note was due.

"*Q.* I didn't understand that.

"*A.* I couldn't get the payment from him.

"*Q.* You were willing to pay, if you were paid?

"*A.* Yes, that is it."

Mr. Leighton denied that he had ever agreed to pay rent and claimed that he simply occupied the house while an effort was made to sell it.

Upon the trial counsel for the defendant was interrogated by the court:

"*The Court:* What is the defense?

"*Mr. Bane:* The defense to the note is this, that this was an obligation of Loeffler & Casenhiser to Stebbings & Taylor, primarily, in the first instance, a debt of a third party.    When these notes were executed, there was no agreement, either by way of substitution or extension of time, or any agreement by which the obligation from Casenhiser to Stebbings & Taylor was discharged.    There being none, there was no discharge.    There was no consideration for the note."

At the conclusion of all the testimony both parties asked for a directed verdict.    The judge directed a verdict in favor of the plaintiffs for the full amount of the note.    A judgment was entered accordingly and the case is here upon writ of error.

We have already quoted the claim or counsel for defendant.    The same claim is made in this court but is greatly amplified.    We quote from the brief:

"The Evidence was Insufficient to Establish a Novation.    The promise of defendant was a promise to pay a sum due from Loeffler-Casenhiser to plaintiff and was, therefore, a promise to pay the debt of a third person, which must be supported by a consideration distinct from the consideration moving from plaintiff to Loeffler and Casenhiser.    It must be a new consideration;" citing cases.

Counsel on both sides argue the question of novation, at considerable length, but in our view of the case the question is not important.

The record is clear that the defendant agreed to pay a commission of $2,400.    It is also clear that to carry out that agreement the two notes were given.    The consideration for the two notes was the commission defendant agreed to pay, and which was earned. After the notes were given, it is difficult to see what interest defendant had in the division of the commission between the two real estate firms.    If Mr. Leighton became a tenant of defendant and owed him

rent as claimed by defendant, which claim Mr. Leighton denies, that is a matter which should be adjusted between them.

Judgment is affirmed, with costs to the appellees.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.