JOE L. VYBIRAL ET AL., APPELLEES, V. JOE J. MALY ET AL., APPELLANTS.

FILED JULY 1, 1932. No. 28209.

*Julius J. Zitnik,* for appellants.

*H. A. Bryant, F. C. Radke* and *W. A. Crossland, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, DAY and PAINE, JJ., and HASTINGS, District Judge.

GOOD, J.

This is an action to foreclose a mortgage upon real estate, given by defendants to secure two notes or bonds, each for $2,000, and each having attached thereto five interest coupons for $100 each. Defendants admitted the execution and delivery of the notes and mortgage, and, as a defense, alleged that the notes and mortgage were obtained by duress, without consideration, and that plaintiffs were not innocent holders. A trial resulted in a decree for plaintiffs, from which defendants have appealed.

The mortgagee and payee, named in the notes secured by the mortgage, is the Nebraska State Savings Bank. They are dated the 3d of October, 1928. A few months thereafter the mortgagee and payee sold the notes to the plaintiffs Vybiral, receiving therefor the full face value, with accrued interest. The notes, however, were not properly indorsed, the indorsement being by F. J. Kirchman, President.

The Vybirals kept their mortgage and bonds in a safe deposit box in the bank from which they purchased the notes. It appears that the bank's officers had means of access to this box. Later, the mortgage and notes were abstracted from plaintiffs' box, and, without their knowledge, were listed as a part of the assets of the bank. Subsequently, the bank became insolvent and a receiver was appointed. Plaintiffs discovered that their notes and mortgage had been taken and were held by the bank; brought an action against the receiver to recover possession, and obtained a decree of the court that they were the owners and holders of the notes and mortgage. They thereafter brought this action to foreclose.

The bank, when the first instalment of interest became due, paid the interest to the plaintiffs and detached and retained possession of one coupon from each of the principal notes. The receiver of the bank joins in seeking foreclosure of the mortgage as to these two coupons. Kirchman was president of the Nebraska State Savings Bank and was also an officer of a bank located at Touhy, Nebraska. One Carek was cashier of the latter bank, and it was found that he had misappropriated funds of that bank, and that the funds embezzled by him amounted to a considerable sum. The defendants are brother-in-law and sister of Carek. It appears that they were willing to assist Carek in raising funds to make good his shortage, and executed the notes and mortgage to raise money to assist him in replacing the funds which he had embezzled. On the day the notes and mortgage were executed, Kirchman by telephone called the defendants, who

lived ten or more miles distant, and requested them to come in and execute the notes and mortgage. It appears they were advised at this time that they were expected to sign the notes and mortgage. They voluntarily went to the bank at Wahoo for that purpose. It is a fair inference that the matter had been previously discussed and talked over between them and Carek. They went to the office of the Nebraska State Savings Bank, were there but a few minutes, and executed and signed the mortgage, the two principal bonds and the five coupons attached to each. In their testimony they say, in response to very leading questions, that threats were made that if the bonds were not signed Carek would be prosecuted and sent to the penitentiary for his embezzlement, and that if they signed he would be free. Defendants were accompanied on this occasion by another sister of Carek. The evidence given by each, as to just what occurred and was said by Kirchman, varies materially. There was introduced in evidence a written order and statement, bearing date October 8, 1928, five days subsequent to the date of the notes and mortgage, and which was signed by each of the defendants and witnessed. This statement directed the Nebraska State Savings Bank to pay to Carek the proceeds of the $4,000 mortgage, and defendants further stated therein: "We also hereby state that said $4,000 mortgage was executed by us freely and voluntarily and without request or solicitation from your bank, or from any officer of your bank, * * * and that we executed said mortgage solely and only for the purpose of assisting our said relative C. C. Carek, who is in financial straits and needs this assistance." There is no evidence that any threats were made to induce the signing of this instrument. Their written statement is totally at variance with the oral testimony of each of the defendants and of the sister of one of them, as to what occurred at the time the notes and mortgage were executed. The defense of duress seems to be an after-thought.

In view of the contradiction of all the testimony, tending to show any duress, set forth in the written statement signed by defendants and witnessed, and the variance in the oral testimony, we think the trial court, who saw the witnesses and their manner of testifying before him, was fully justified in finding that there was, in fact, no duress practiced to obtain the notes and mortgage, and, from an independent examination of the record, this court reaches the same conclusion.

Defendants assert that they received nothing for the signing of the notes and mortgage, and that they were without consideration. Consideration is defined as a benefit to the party promising, or a loss or detriment to the party to whom the promise is made. The consideration need not move to the promisor; it is sufficient if it moves to a third party at the request of promisor. *Faulkner v. Gilbert,* 57 Neb. 544. The evidence discloses that the proceeds of the notes and mortgage were paid to the State Bank of Touhy, from which Carek embezzled. It is evident that the mortgagee parted with $4,000 of its money, the full consideration named in the notes. It is immaterial that the consideration did not go directly to the defendants. It was sufficient that the bank parted with its money at the instance and request of the defendants. The defense of want of consideration is wholly without merit.

In view of the fact that there is no defense shown that would defeat the notes and mortgage in the hands of the original payee, it is immaterial whether the plaintiffs occupy the position of innocent holders for value.

The record appears to be free from error. The judgment is therefore

AFFIRMED.