FARMERS & MERCHANTS STATE BANK OF PENDER, APPELLEE, V. CELESTINE KUHN, APPELLANT.

FILED OCTOBER 27, 1933. No. 28599.

*A. P. Coleman,* for appellant.

*Robert G. Fuhrman, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and SHEPHERD, District Judge.

SHEPHERD, District Judge.

This is an appeal from an order of the district court dismissing the jury at the close of the evidence and entering a judgment for plaintiff.

The petition was the ordinary declaration on a promissory note of $3,600 made by the defendant Celestine Kuhn to John Wollmer, liquidating agent of the plaintiff bank. The answer admitted the execution of the note but alleged lack of consideration and also alleged that the note was made for the accommodation of the bank. The reply was a general denial of new matter. The plaintiff will hereinafter be called the appellee, and the defendant the appellant.

It appears that appellant was a woman of property, 74 years of age, living with a married daughter, Mrs. Rutledge, and under no disability when she signed the paper. She had been transacting her own considerable business up to the time of executing the note in question, and had theretofore had banking experience in connection therewith. She signed and delivered the note at the bank and in the presence of her said daughter after being present at a long conference at her attorney's office in Walthill. Said conference was devoted to a settlement of the affairs of her son George and incidentally of one of her own affairs with the latter. All parties were pres-

ent at that conference, her son George and his wife, her attorney Mr. Coleman, the attorney for the bank Robert G. Fuhrman, Mr. Wollmer liquidating agent of the Pender bank, her daughter Mrs. Rutledge, and herself. It was an amicable gathering in which much time was taken and much business transacted.

Briefly; this was about what was done at that meeting: George Kuhn was a farmer and stockman heavily indebted to the bank of Pender and somewhat indebted to other concerns. The indebtedness to the Pender bank amounted with interest to about $9,600, including a note of $6,000 and several others of smaller amounts. He was also indebted to his mother, the appellant, for land rent in the sum of $600. And his mother was desirous of collecting the same in order that she might apply the proceeds to an indebtedness of her own at the bank. George had been seeking a settlement whereby he might clear the slate by the payment of the $6,000 note, and had proposed a sale of his personal property, variously estimated as of the value of $6,000 or $7,000, in order that he might pay in cash. It appears that the bank had considered settlement on that basis. But up to the time of the meeting no agreement had been reached in regard to this.

The details of the conversation do not fully appear, but this is what they did. The bank extended George's $6,000 note for a year, agreed to lend him such money as he needed to conduct his farm and stock business during that year, agreed to and did then and there furnish him with about $600 to pay his rent to his mother, furnished him with means to pay off certain indebtedness at the bank of Rosalie, furnished him enough cash to pay some other small obligations, and returned the balance of his notes. The notes returned, together with advancements made by the bank, total almost precisely the sum of $3,600.

George paid his mother out of the cash received from the bank, and at the conclusion of the meeting she went with her daughter and Mr. Wollmer back to the bank at

Pender and signed the $3,600 note now in suit, as hereinbefore noted. There had been a great deal of conference and negotiation at Walthill in which the subject and object of this note had doubtless been discussed, but the details of the same are not in the record. No objection was ever made to the bank or to any one connected with it during the two years that it ran before due, though George says in his testimony that he only learned of its existence a short time before trial. In the forenoon of the day of the conference at Walthill the appellant in the presence of her daughter had a conversation on business with Mr. Wollmer at the bank, but appellant insists that she remembered not a word of it.

Upon trial appellant called neither her daughter nor her attorney to testify. The burden of proof being upon her, this is a circumstance of some significance.

The main question is whether the jury could have properly found from the evidence differently than the trial court found. The assignment of errors is in substance as follows: The decision is not sustained by sufficient evidence; the decision is contrary to law; the finding that the note in suit was given for and is supported by valuable consideration is not supported by evidence and is contrary thereto; the court erred in not sustaining the motion for new trial; the court erred in sustaining the motion of the plaintiff to take the case from the jury and erred in rendering judgment in favor of plaintiff and against defendant; there were errors of law occurring at the trial and excepted to; there was irregularity on the part of the court by which the defendant was prevented from having a fair trial in that the court excluded testimony offered by defendant pertaining to the issues. The last assignment was not argued to the court nor is the same discussed in the brief. This is also true in regard to errors of law occurring upon trial.

Necessary to the determination of the main question is the question of consideration. Good consideration for a promissory note may consist of money received by the

maker or of money or property lent, advanced or returned by said payee to a third person at the instance of said maker and with her knowledge and consent.

The appellee says in its excellent brief that to constitute a consideration for the giving of a promissory note it is ordinarily unnecessary that any benefit result to the promisor, it being sufficient if the transaction results in trouble, injury, inconvenience, prejudice or detriment to the promisee; that also forbearance to proceed with the collection of a promissory note is a sufficient consideration for the giving of a promissory note by a third person; that furthermore an extension of time of payment upon the debt of another is a sufficient consideration for the giving of a note by a third party; and that again a promissory note given to a bank given to procure the bank's surrender of the note or notes of a third party held by such bank is a binding obligation. To all of these propositions this court gives assent. All of them are sustained by respectable authority from the various states as well as by our own decisions. Among such authorities may be cited 3 R. C. L. 935, 940, secs. 131, 136; 8 C. J. 220, 222; *United States Fidelity & Guaranty Co. v. Walker*, 248 Fed. 42; *Cawthorpe v. Clark*, 173 Mich. 267; *Harris-Emery Co. v. Howerton*, 154 Ia. 472; *Osborne & Co. v. Doherty*, 38 Minn. 430; *Becker v. Noegel*, 165 Wis. 73; *Nelson v. Diffenderffer*, 178 Mo. App. 48; *Bridges v. Vann*, 88 Kan. 98; *Atherton & Ricker v. Marcy*, 59 Ia. 650; *Steep v. Harpham*, 241 Mich. 652; *Wright v. McKitrick*, 2 Kan. App. 508; *Zimbelman & Otis v. Finnegan*, 141 Ia. 358; *Fulton v. Loughlin*, 118 Ind. 286; *Galena Nat. Bank v. Ripley,* 55 Wash. 615; *Seager v. Drayton*, 217 Mass. 571; *Citizens Bank v. Oaks*, 184 Mo. App. 598; *Nichols & Shepard Co. v. Dedrick*, 61 Minn. 513; *Union Banking Co. v. Martin's Estate*, 113 Mich. 521.

The presumption is that a promissory note is a valid obligation based upon a good and legal consideration, and the burden of showing that there was a want of consid-

eration rests upon the defendant. *Brokaw v. McElroy,* 162 Ia. 288; *South Dakota Central R. Co. v. Smith,* 22 S. Dak. 210; *Hawley Furnace Co. v. Hooper,* 90 Md. 390; *Carter v. Butler,* 264 Mo. 306.

The facts established by the record clearly indicate that this note was not an accommodation note, though if it were she would not under all the circumstances be relieved of liability.

As heretofore intimated, the record contains no evidence on the part of the appellee, save the identification of the note by Mr. Wollmer, and it does not show all of the conversation had upon the lengthy settlement conference at Walthill. The bill of exceptions is entirely silent as to what the appellant said during the meeting, though it is in evidence that she received her rent money from her son George through the bank. We take it, however, from what she did then and immediately thereafter, a strong and indeed necessary inference arises that she knew what she was doing in giving her note for $3,600 to the bank and that she thereby intended to help her son while incidentally helping herself. It is a legitimate inference that the appellee made and gave said note in order to induce the bank to forbear from compelling payment on some of George's indebtedness, also to secure the surrender of certain of George's notes, and finally to get her rent.

Consideration for the making of the note was established beyond question.

We are not unmindful of the case of *Central Nat. Bank v. Ericson,* 92 Neb. 396, and have no quarrel with the statements of law therein appearing. The writer of the opinion in that case stated the law in regard to the credibility of witnesses in a most admirable manner. In that case there was a dispute of facts and a matter of resolving that dispute to determine what the true fact was. In this case, construing all of the facts which the evidence tends to establish most favorably for the appellant and most unfavorably for the appellee, the jury

must have found for the appellee had the case been submitted to it.

"If from the undisputed facts different minds might not honestly reach different conclusions or draw different inferences without reasoning irrationally, it is not error on the part of the trial court to withdraw the case from the consideration of the jury and order a verdict consistent with the facts." *Knapp v. Jones,* 50 Neb. 490. The Nebraska cases are all in consonance with this holding. It does not conflict in the least with the settled rule that, where there is such a conflict of the evidence that a verdict might reasonably be found in favor of the plaintiff, it is error for the trial court to instruct the jury to find for the defendant.

We are convinced that the district court was right in its order and judgment and that its judgment should be affirmed.

AFFIRMED.