PLAZA HOTEL COMPANY, APPELLANT, V. HOTEL STRATTON ET AL., APPELLEES.

272 N. W. 224

FILED MARCH 23, 1937. No. 29917.

*C. H. Hendrickson,* for appellant.

*H. D. Addison, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

GOOD, J.

This is an action on a promissory note. Defense relied on is want of consideration. Trial of the cause to court and jury resulted in a verdict and judgment thereon for defendant. Plaintiff has appealed.

Plaintiff contends that the court erred in giving certain instructions, one of which informed the jury that the burden was on the plaintiff to prove by a preponderance of the evidence that there was a good and valuable consideration for the promissory note. Counsel for defendant contends that this is a correct statement of the law and cites in support of his contention *Search v. Miller,* 9 Neb. 26, 1 N. W. 975; *Smith v. Kinney,* 32 Neb. 162, 49 N. W. 341, and *In re Estate of Hoagland,* 126 Neb. 377, 253 N. W. 416, as well as cases from other jurisdictions. *Search v. Miller, supra,* was decided in 1879 and long prior to the adoption of the uniform negotiable instruments act. In that case it was held that the burden was upon the plaintiff to satisfy the jury by a preponderance of the evidence that there was

a valid consideration. *Smith v. Kinney, supra,* was decided in 1891, also long prior to the adoption of the uniform negotiable instruments act, and, moreover, in that case the question of burden of proof was not passed upon. The case of *In re Estate of Hoagland, supra,* was decided since the adoption of the uniform negotiable instruments act, but does not squarely pass upon the question here involved. In the opinion in that case there are quoted holdings from other jurisdictions, some of which tend to support the contention of defendant, but the question was not squarely passed upon and cannot be said to be a precedent. The question has been, indirectly at least, before this court in other cases since the adoption of the uniform negotiable instruments act.

The uniform negotiable instruments act contains the following provisions: Section 62-201, Comp. St. 1929, reads: "Every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value." Section 62-205, Comp. St. 1929, is in part as follows: "Absence or failure of consideration is matter of defense as against any person not a holder in due course." These provisions impose upon the defendant, in an action based upon a promissory note, the burden of establishing the defense of want of consideration. In effect, this court has so held.

In *Elmcreek Ditch Co. v. St. John,* 127 Neb. 253, 255 N. W. 16, it was held:

"In an action by payee on a negotiable promissory note, against the maker, 'failure of consideration' is a defense authorized by statute. * * *

"The right to make the statutory defense of 'failure of consideration' in an action on a negotiable promissory note implies the right to prove that defense by competent evidence."

This holding clearly indicates that the burden was upon the defendant to prove failure of consideration.

In *Farmers & Merchants State Bank v. Kuhn,* 125 Neb.

457, 250 N. W. 652, in the opinion (p. 461) it was said: "The presumption is that a promissory note is a valid obligation based upon a good and legal consideration, and the burden of showing that there was a want of consideration rests upon the defendant."

An examination of the authorities from other jurisdictions shows that, prior to the adoption in those jurisdictions of the uniform negotiable instruments act, many of the courts held that, where want of consideration was pleaded as a defense in an action on a negotiable instrument, the burden was upon the plaintiff to establish that there was a valid consideration, and in many of the same jurisdictions, since the uniform negotiable instruments act has been adopted, the rule now is that, where want of consideration is pleaded as a defense to a negotiable instrument, the defendant has the burden of establishing such defense by a preponderance of the evidence. We think this was clearly the intention of the legislature in adopting the uniform negotiable instruments act, and apparently this view is concurred in by most of the courts of other jurisdictions where the uniform negotiable instruments act has been adopted.

Attention is called to the case of *First State Bank v. Radke,* 51 N. Dak. 246, 199 N. W. 930, 35 A. L. R. 1355. Appended to the opinion in the latter report is a voluminous note, giving the holdings of many of the courts upon the question; and in *First Nat. Bank v. Doschades,* 47 Idaho, 661, 279 Pac. 416, 65 A. L. R. 900, there is appended to the latter report a note, giving a number of the decisions of the various courts upon the question. From these notes it is clear that the great weight of authority and the better reasoning support the proposition that the burden is upon the defendant to prove want of consideration, where it is pleaded as a defense to an action on such an instrument.

In another instruction the court properly defined what was meant by the term "consideration," but in the closing part of the instruction the jury were told: "In this case it is the claim of the defendant that he received nothing of

value for the execution and delivery of said note and if you fail to find by a preponderance of the evidence that he did receive a sufficient consideration therefor as above defined, then your verdict should be for the defendant." This part of the instruction was clearly at variance and in conflict with the previous part of it. It is not essential to a valid consideration that the consideration move to the promisor. It is sufficient if a loss, disadvantage or obligation is imposed upon the promisee. The benefit or advantage need not inure directly to the benefit of the promisor to constitute a valid consideration. Clearly, the court erred in each of the instructions referred to.

Plaintiff contends that the evidence was wholly insufficient to sustain a finding of want of consideration under any circumstances. We think there was sufficient evidence, if the cause had been properly submitted to the jury, to warrant them in finding that there was no consideration, but, as observed, the cause was not submitted to the jury on proper instructions, and these instructions were no doubt prejudicial to the plaintiff.

Other errors are assigned which it is not necessary to consider, as they are not likely to occur on another trial.

For errors pointed out, the judgment of the district court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

REVERSED.