JOHN W. PLUMBLY, APPELLANT, v. HARVARD STATE BANK, APPELLEE.

276 N. W. 385

FILED DECEMBER 10, 1937. No. 30067.

*Carrico & Carrico,* for appellant.

*George W. Miller, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ., and CHAPPELL, District Judge.

CHAPPELL, District Judge.

Plaintiff, appellant, brought an action against defendant, appellee, in the district court for Clay county, Nebraska, to cancel a promissory note and chattel mortgage and enjoin threatened foreclosure or interference with plaintiff's use of the mortgaged chattels, alleging want of consideration therefor. A temporary restraining order was granted as prayed and bond furnished as provided by law. Defendant filed answer and cross-petition praying for judgment on the note and foreclosure of the chattel mortgage. Upon trial, the court dissolved the temporary restraining order and found generally for the defendant upon its cross-petition. Whereupon, appeal was taken to this court.

The only question for our determination is whether there was a consideration. The facts are not difficult. Plaintiff admits that he made, executed and delivered the promissory note and chattel mortgage to defendant, and that nothing was paid by him thereon except $35 which was a credit to him by reason of a bill of sale voluntarily given by plaintiff to defendant for a Ford car described in the chattel mortgage at a time when defendant was attempting to make collection of the note.

It appears from the record, and it is undisputed, that plaintiff's sister, Hattie L. Jeffs, was originally indebted to one F. E. Turner who threatened to sue her therefor. Whereupon she and plaintiff gave their promissory note to Turner for the amount of the debt. After this note was due, plaintiff alone renewed it upon two occasions by giving a new note, each time the interest being added to the principal,—the last renewal note being secured by a chattel mortgage. The last renewal note was due on September

1, 1935, but on July 16, 1935, before the same was due, plaintiff, at Turner's request, made, executed and delivered to defendant bank as payee his promissory note due October 14, 1935, which was secured by a chattel mortgage, and on July 17, 1935, the defendant credited Turner with $446.93, the full amount of the principal of the note, less 25 cents filing fee. On May 16, 1936, after this note was due and payable, plaintiff received an extension of time for payment of the obligation to July 15, 1936, by executing and delivering to defendant the note and chattel mortgage in question, whereupon the old note and chattel mortgage were returned to plaintiff.

Defendant was not a holder for value of any note that plaintiff executed to Turner, against all of which plaintiff urges failure of consideration. None of the Turner notes were ever assets of defendant. They were all returned to plaintiff upon the giving of renewal notes. Defenses, if any, that could be urged against him in the original transactions, or any of them, cannot be urged by plaintiff in this action. We, therefore, confine our discussion to the transactions with the bank. Plaintiff's contention that the trial court erred in holding that there was a consideration for the giving of the note and chattel mortgage in question is without support in the evidence or precedent in the law.

The burden of proving want of consideration was upon plaintiff, the party alleging it. *Farmers & Merchants State Bank v. Kuhn,* 125 Neb. 457, 250 N. W. 652; *Neslund v. Kinnan,* 129 Neb. 279, 261 N. W. 358. "Every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value." Comp. St. 1929, sec. 62-201. "Value is any consideration sufficient to support a simple contract." Comp. St. 1929, sec. 62-202. See, also, *Cozad State Bank v. McLaughlin,* 128 Neb. 87, 258 N. W. 36. "There are two kinds of consideration,—that which confers a benefit upon the promisor and that which causes a detriment to the promisee.

Either is a valid consideration which will support a contract." *United States Fidelity & Guaranty Co. v. Curry,* 126 Neb. 705, 254 N. W. 430.

Respecting the present transactions, Turner was primarily plaintiff's creditor upon a promissory note secured by chattel mortgage. His existing creditor was paid by his first note and chattel mortgage to defendant bank. He was no longer indebted to Turner but became the debtor of the bank. That this was done before his debt to Turner was due, together with his voluntary payment of $35 to defendant, later made by a surrender of part of the security therefor, implies his knowledge and consent. It is elementary that payment of his obligation by defendant was a sufficient consideration for his note and chattel mortgage to defendant. *Vybiral v. Maly,* 123 Neb. 436, 243 N. W. 268; *Farmers & Merchants State Bank v. Kuhn, supra.* The renewal thereof was likewise as effectual. *Stroud v. Payne,* 124 Neb. 612, 247 N. W. 595.

The law and the evidence both conclusively support the justice of the findings and judgment of the trial court.

AFFIRMED.