L. A. RICKETTS, TRUSTEE, APPELLEE, V. FARRA MAE GEIL ET AL., APPELLANTS.

290 N. W. 254

FILED FEBRUARY 9, 1940. No. 30747.

*Howarth N. Olsen*, for appellants.

*James H. Anderson, Frank Barrett* and *Elmer M. Scheele*, contra.

Heard before SIMMONS, C. J., ROSE, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

SIMMONS, C. J.

This is an action to recover judgment for the amount due on a promissory note. The defense plead was lack of consideration. Trial was to a jury. After both parties had rested, the trial court sustained a motion by the plaintiff for an instructed verdict. Judgment was entered for the plaintiff. The defendants appeal.

There is no serious dispute about the facts. The Lincoln Trust Company and the Lincoln Safe Deposit Company were separate corporations. The Deposit Company was owned entirely by the Trust Company. The two companies had the same officers and personnel, occupied the same quarters, and were "run as one company." On April 8, 1925, the defendants borrowed from the Deposit Company the sum of $16,000 and secured the same by a real estate mortgage. Said $16,000 was represented by 20 bonds in $500 and $1,000 amounts. These bonds were sold to investors. At the time of their execution and delivery in 1925, the defendants also executed and delivered to the Deposit Company a note for $800 which was the customary 5 per cent. commission charge. This $800 note was paid. The $16,000 principal debt was not paid.

The bonds for the $16,000 were payable to the Deposit Company, or order, at the office of the Deposit Company for the benefit of the holders thereof, and it was provided that, if any interest was not paid when due, or upon any default in the performance of the covenants of the mortgage, the bonds became due and payable at the option of the Deposit Company, and that, "If any default occurs in this bond, or in any of said bonds or in said mortgage, then the Lincoln Trust Company may, as trustee for the holder of this bond and of all of said bonds, without notice to, or hindrance from any one, declare this bond and all said bonds matured, due and payable."

The mortgage contained the following provision:

"In case of any of the bonds or coupons secured hereby are held by other parties than the mortgagee, the parties hereto hereby constitute and authorize the Lincoln Trust Company, of Lincoln, Nebraska, as trustee under this mortgage, for the use and benefit of the holders of the debts secured hereby, with full power and authority upon maturity of this mortgage or the debts secured thereby, either by the lapse of time or by failure to perform any of the terms or conditions hereof, to foreclose or enforce collection or payment of this mortgage and the debts secured thereby, or in

case of loss or damage to collect and receipt for insurance thereon; to satisfy and release of record or otherwise this mortgage or said debts; to make distribution of the proceeds thereof to the holders or owners of said bonds or coupons after payment of the costs and expenses thereof, and to do all things necessary or suitable to the performance of said duties and the exercise of said powers."

On March 26, 1930, the defendants executed an extension agreement reciting that the legal owners and holders of the bonds had extended the time of payment for a term of five years from April 8, 1930. This agreement recites the execution of 201 interest notes for the extended term and provided that the original mortgage should remain in full force as security for the full payment of the principal and interest. At the same time, the defendants executed separate agreements (one for each bond of the $16,000 loan), reciting that the Deposit Company had extended the time of payment of the bond for 5 years, and providing for the payment of interest during the term of the extension, at the office of the Trust Company. To these agreements were attached the interest notes referred to in the extension agreement. At the same time, the defendants executed and delivered to the Deposit Company the promissory note for $800 which is here in suit. Like the prior note, for the same amount, it was a commission note given for "services in extending the loan." These services include the placing of the bonds with new purchasers or persuading the then holders to retain them for the extended period.

The Trust Company and Deposit Company were adjudged bankrupt. The First Trust Company of Lincoln, Nebraska, as successor trustee to their trusts (because of the failure of the defendants to pay interest under the extension agreement beginning with that due in October, 1930, and the failure of the defendants to pay taxes for the years 1930, 1931, and 1932) declared the entire debt due and foreclosed the same.

The plaintiff as trustee for the Deposit Company brings this action to recover judgment on the second $800 note.

Have the defendants established a want of consideration for the note in suit? Defendants state their position as follows: "The note, then, was given because the loan was extended and for no other reason and if this extension was void the consideration was lacking and the note sued on cannot be enforced against the defendants." The defendants' contention that the extension agreement is void is based upon these propositions: (1) Because of the clause in the mortgage hereinbefore quoted, the Trust Company became the holder of the obligation and the only party authorized to grant an extension; (2) the Deposit Company did not have authority to extend the agreement; (3) it was not binding upon the Trust Company and therefore was void.

These contentions fail upon an examination of the record. The defendant, Charles A. Geil, testified that "this $16,000 mortgage" "was extended for a five-year term." That the extension was made by the Deposit Company and was agreeable to and accepted by the Trust Company, and that the rights and liabilities of all the parties were adjudicated upon the basis of the original instruments as altered by the extension agreements is established, without contradiction, by the record.

These contentions of the defendants go to the question of consideration, obligations assumed, and rights secured by the extension agreements. The question here presented is whether or not there was a consideration for the commission note.

"The presumption is that a promissory note is a valid obligation based upon a good and legal consideration, and the burden of showing that there was a want of consideration rests upon the defendant." *Farmers & Merchants State Bank v. Kuhn*, 125 Neb. 457, 250 N. W. 652. See Comp. St. 1929, secs. 62-201, 62-205.

"Value is any consideration sufficient to support a simple contract." Comp. St. 1929, sec. 62-202.

Services are a sufficient consideration for a promissory note if performed under an express or implied contract to

pay therefor or rendered in expectation of payment without regard to the value as compared with the amount of the note, and it is immaterial that the services were rendered without any express request or promise to pay therefor, where the maker received and accepted the services. 8 C. J. 228; 10 C. J. S. 615, sec. 151.

The consideration for the note in suit was the commission earned by the Deposit Company for services rendered in the extension of the $16,000 loan. The defendants received the benefit of that service. It was a sufficient consideration to support the promise to pay contained in the instrument in suit. *Mohr v. Rickgauer,* 82 Neb. 398, 117 N. W. 950; *United States Fidelity & Guaranty Co. v. Curry,* 126 Neb. 705, 254 N. W. 430; *Stebbings v. Klein,* 222 Mich. 503, 193 N. W. 232.

The judgment of the trial court is

AFFIRMED.