TOWN OF CLEARWATER v. TOWN OF GARFIELD.

FILED JULY 22, 1902. No. 11,933.

Commissioner's opinion, Department No. 3.

1. **Petition:** CORPORATION: STATUTORY OBLIGATION: STATUTORY PROVISO. A petition in an action to enforce against a public corporation a purely statutory obligation, is demurrable, unless it states all the facts necessary to make the alleged liability complete. And in such cases, the party must bring himself within the terms of a statutory proviso.

2. **County: Poorhouse: Pauper.** In counties maintaining a poor-house, townships are not chargeable with the support of the poor.

Error from the district court for Antelope county. Tried below before Cones, J. *Affirmed.*

*George F. Boyd,* for plaintiff in error.

*Michael F. Harrington, contra.*

Ames, C.

The county of Antelope is, or was at the time this actio.. was begun, governed by the provisions of law relative to township organization. The plaintiff township sued the defendant township to recover a sum expended by the plaintiff for the maintenance of a pauper, who was alleged to have been a resident of and legal charge upon the latter township. The petition omitted to allege that the county board had not established a poorhouse, pursuant to the statutes of the state, in which case it is enacted by section 22, article 4, chapter 18, of the Compiled Statutes, townships are not chargeable with the support of the poor. This regulation appears in the statute in the form of a proviso, but it has been repeatedly held by this court that a township is not liable for the support of the poor unless the obligation is imposed by statute; and we think that in such cases the petition ought to bring parties within the terms of the proviso; that is, that when it is sought to enforce against a public corporation a purely statutory obligation, all the facts requisite to make the liability complete ought to be pleaded. *Waltham v. Town of Mullally,* 27 Nebr., 483; *Gilligan v. Town of Grattan,* 63 Nebr., 242. A demurrer to the petition was sustained, and a judgment rendered accordingly.

It is recommended that the judgment of the district court be affirmed.

Duffie and Albert, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.