WILLIAM APKING V. GERHARD HOEFER ET AL.

FILED JUNE 22, 1905. No. 13,880.

1. **Written Contract:** PAROL EVIDENCE. Where a contract of sale has been consummated by writing, the presumption is that the writing contains the whole contract, and, in the absence of fraud, mistake or ambiguity of expression in the contract itself, parol evidence is inadmissible to change or vary its terms. *Nebraska Land & Feeding Co. v. Trauerman*, 70 Neb. 795.

2. **Contract:** DEFAULT: ACTION. Law will not aid a party to recover damages for the breach of a contract, where the failure to comply with the contract was his own.

ERROR to the district court for Adams county: ED L. ADAMS, JUDGE. *Reversed.*

*Tibbets Bros. & Morey,* for plaintiff in error.

*J. M. Ragan* and *Ernest Hoeppner, contra.*

JACKSON, C.

On the 30th day of June, 1902, plaintiff in error, hereinafter called the defendant, as party of the first part, entered into a written contract with the defendants in error, hereinafter called the plaintiffs, as parties of the second part, for the sale of a tract of land in Adams county for the sum of $6,300, of which $100 was paid at the time of the execution of the contract, and by the terms of the agreement the remainder was to be paid, $900 on or before July 10, 1902, and $5,300 on March 1, 1903. The contract also provided that the plaintiffs were to have a share of the crops then growing on the land. The contract contained the following condition: "And in case of the failure of the parties of the second part to make either of the payments, or to perform any of the covenants on their part hereby made and entered into, this contract shall, at the option of the party of the first part, be forfeited and determined, and parties of the second part shall forfeit all payments made by them on this contract, and such payments shall be retained by said party of the first part in full satisfaction and liquidation of all damages by him sustained, and he shall have the right to reenter and take possession of the premises aforesaid." The plaintiffs failed to meet the payment due on the 10th day of July, 1902, but on the 14th of that month tendered the defendant the amount of the payment due on the 10th, which the defendant refused to accept, and declared that the contract had

been forfeited. On the 1st of March, 1903, plaintiffs ten-
dered the defendant $6,200, with interest on $900 from
July 10, 1902, to March 1, 1903, and demanded a deed of
the premises. The defendant refused to accept the tender,
and refused to execute a deed, and on the 23d day of May,
1904, the plaintiffs instituted an action in the district court
for Adams county against the defendant, claiming dam-
ages in the sum of $1,400 by reason of the failure of the
defendant to perform the contract. The petition sets out
the execution and delivery of the contract, and the pay-
ment of the $100, and recites that, "after said contract was
signed by the plaintiffs and defendant, it was verbally
agreed between plaintiffs and defendant that the payment
of $900 due on or before July 10, 1902, need not be made
on that exact date, but might be made by these plaintiffs,
at their option, within a few days thereafter." The peti-
tion further recited the tender of the $900 and $6,200.
The defendant answered, first, that the facts stated in
the petition were not sufficient to constitute a cause of
action against the defendant; second, admitted the execu-
tion of the written contract and the payment of the $100,
and denied each and every other allegation in the peti-
tion; and third, that the plaintiffs had filed the contract
for record, and that it constituted a cloud upon his title
to the land, and asked to have the title quieted and con-
firmed as against the contract; also set up the failure of
the plaintiffs to make the payments as agreed upon.
Plaintiffs replied, the reply consisting of a general de-
nial. The cause was tried to the court, without the inter-
vention of a jury, and at the trial the defendant objected
to the introduction of any evidence on the part of the
plaintiffs, for the reason that the petition did not state
facts sufficient to constitute a cause of action against the
defendant; and the objection was overruled; and at the
trial the plaintiffs were permitted to prove by oral evi-
dence that, at the time of the execution of the contract and
after it had been signed, the defendant agreed orally with
the plaintiffs to the effect that, if they did not have the

money with which to meet the payment on the 10th day of July, 1902, they might make the payment within a few days thereafter. There was judgment in favor of the plaintiffs for the sum of $210.70. A motion for a new trial was overruled, and defendant prosecutes error to this court, his contention being that the court erred in not sustaining his demurrer *ore tenus,* and admitting parol evidence to vary the terms of the written contract, and for that reason that the judgment is contrary to law. The plaintiffs have not favored us with a brief and the case was submitted without oral argument.

We think both contentions of the defendant well founded. The rule is well settled in this state that, where a contract of sale has been consummated by writing, the presumption is that the writing contains the whole contract, and, in the absence of fraud, mistake or ambiguity of expression in the contract itself, parol evidence is inadmissible to change or vary its terms. *Nebraska Land & Feeding Co. v. Trauerman,* 70 Neb. 795, and authorities there cited. Even if the defendant agreed orally, after the contract was executed, that the plaintiffs might have a few days after July 10 to meet the payment maturing on that date, it was a naked promise, without consideration, and could not be enforced. It follows therefore that the court erred in the admission of oral evidence to vary the terms of the written contract. It is clearly apparent from the written contract that time was of the essence of it, and that the failure of the plaintiffs to meet the payment maturing on the 10th day of July, 1902, gave defendant the option to forfeit the contract and declare it at an end. This he has done, and the law will not aid the plaintiffs, under the circumstances in this case, to recover where the breach of the contract was their own.

We recommend that the judgment of the district court be reversed.

DUFFIE, C., concurs. ALBERT, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

REVERSED.

SEDGWICK, J., not sitting.