ETHEL CLARK, APPELLEE, V. JACOB FLEISCHMANN ET AL., APPELLANTS.

FILED OCTOBER 7, 1910.    No. 16,487.

1. Witnesses: COMPETENCY. In applying the statutory rule that no person having a direct legal interest in the result of any civil action, when the adverse party is the representative of a deceased person, shall be permitted to testify to any transaction between the deceased person and the witness, the real nature of the transaction should be considered.

2. ———: ———. Exceptions to the statutory rule that "every human being of sufficient capacity to understand the obligation of an oath is a competent witness in all cases" (code, sec. 328) should not be extended by construction beyond the import of the terms used by the legislature.

3. ———: ———. Where a partnership composed of two members buys a school-land contract with firm money for the benefit of the firm and takes the assignment in the name of one of the partners for convenience in transacting partnership business, the purchase is not a transaction between the partners, but between the firm and the holder of the school-land contract; and the death of the partner in whose name the assignment is taken will not prevent the surviving partner from testifying to the real nature of the transaction in a suit by decedent's devisee to recover the land from one claiming title through the partnership, within the meaning of section 329 of the code, which declares:

42

"No person having a direct legal interest in the result of any civil action or proceeding, when the adverse party is the representative of a deceased person, shall be permitted to testify to any transaction or conversation had between the deceased person and the witness."

APPEAL from the district court for Cass county: LEANDER M. PEMBERTON, JUDGE. *Reversed.*

*A. N. Sullivan* and *Matthew Gering,* for appellants.

*Byron Clark* and *William A. Robertson, contra.*

ROSE, J.

The petition contains two counts. The first is ejectment for a tract of land in Cass county, and the second is for the rents and profits thereof for four years prior to the bringing of the suit. Plaintiff claims the land under the will of her father, John W. Clark, who died February 15, 1889. She traces the title to testator in the following manner. The realty described was formerly school land, and was purchased from the state by M. J. Foote under a contract dated February 16, 1882. By mesne assignments testator acquired the interests of Foote through H. A. Bragg, and paid the remainder of the purchase price December 24, 1888. The state deeded the land to "John W. Clark, his heirs and assigns," February 23, 1889, a date subsequent to his death. That the deed was executed after the death of the grantee named therein is not material to this controversy, however, for the reason that both plaintiff and defendants assert rights under it.

In resisting the suit, the position of defendants, for present purposes, may be summarized as follows: John W. Clark, from 1884 until his death February 15, 1889, was a partner of Thomas M. Howard. In the firm name of Clark & Howard they were engaged in the real estate and loan business at Weeping Water. The firm for its own benefit, with its own money, bought the school-land contract from H. A. Bragg, and for convenience in

transacting its business took the assignment in the name of John W. Clark. Under Clark's will, after his death, his brother, Thomas K. Clark, became executor and trustee, and as such obtained from the county court a license to sell, and afterward sold to Howard, testator's partnership interests, including the school-land contract. Through this sale the executor realized the full amount of testator's interest in the land. Later Thomas K. Clark purchased from Howard, the surviving partner, an interest in the partnership, which was afterward conducted in the name of the new firm of Clark & Howard. Jacob Fleischmann, defendant, bought the land from the new firm for $2,535, December 16, 1889, procured a deed February 28, 1890, from Thomas K. Clark, executor and trustee of the estate of John W. Clark, deceased, took possession under his deed March 1, 1890, and has been in possession ever since. In the meantime he made improvements to the extent of $5,000. The facts are more fully stated in an opinion on a former appeal. *Clark v. Fleischmann*, 81 Neb. 445.

The case has been twice tried in the district court. At the first trial the suit was dismissed after the parties had introduced their proofs. From the judgment of dismissal plaintiff appealed to this court, where it was held that the evidence was insufficient to show the land was the property of the partnership, and that, if it was not, the title vested in plaintiff under the will. In the opinion, however, it was observed: "It may be that evidence can be produced on another trial showing that the decedent's interest in the copartnership was sold and that the land in controversy was a part of the assets of the firm. If such was the case, and the sale received the approval of the probate court, that, of course, would divest the plaintiff of any interest in the land. The estate has not yet been settled. The executor has not made his final report or received his discharge. If the land in controversy has been sold as a part of the assets of the copartnership, the executor on final settlement must account for the proceeds." *Clark v. Fleischmann*, 81 Neb. 445, 456. Upon a

retrial in the district court plaintiff recovered a judgment for the land and for rents and profits thereof in the sum of $1,580.25. The case is now presented on an appeal by defendants.

At the second trial in the district court the proofs adduced at the first were received in evidence and defendant Jacob Fleischmann was re-examined as a witness in his own behalf. In addition defendants offered the deposition of Thomas M. Howard, whose testimony, among other things, tends to prove: For three years prior to the death of John W. Clark, the latter and Howard were partners at Weeping Water under the firm name of Clark & Howard, and as such were dealers in real estate and farm loans. In the name of John W. Clark the firm took an assignment of the school-land contract from H. A. Bragg. The purchase was made with firm money and the school-land contract was firm property, though the assignment was taken in Clark's name. The land was sold by the new firm of Clark & Howard to Jacob Fleischmann and deeded to him by Thomas K. Clark, executor and trustee of the estate of John W. Clark, deceased, the latter having taken the assignment in his own name when acting for the partnership. Howard received one-half of the purchase price, the full amount of which was paid to the firm. One question was answered by the witness Howard as follows: "After the death of John W. Clark and the appointment of T. K. Clark as executor and trustee, I purchased from said executor the entire interest of John W. Clark in the firm's business and partnership property, and paid him for it. The contract for said school-land was included in this purchase. After I bought Clark's interest, a new partnership was formed between Thomas K. Clark and T. M. Howard, under the firm name of Clark & Howard. When we formed the new partnership I sold half of my interest in the business to Thomas K. Clark, and the sale to Mr. Fleischmann was made by the new firm of Clark & Howard, who considered themselves the owners of the contract for said school lands." Howard, according to his

own testimony, paid the executor for John W. Clark's interest in the land, and it was sold to Fleischmann with the executor's consent.

To support the defense already outlined, Howard's testimony in the form of a deposition was offered in connection with other proofs properly admitted, but in the main was rejected by the trial court under section 329 of the code, which declares: "No person having a direct legal interest in the result of any civil action or proceeding, when the adverse party is the representative of a deceased person, shall be permitted to testify to any transaction or conversation had between the deceased person and the witness, unless the evidence of the deceased person shall have been taken and read in evidence by the adverse party in regard to such transaction or conversation, or unless such representative shall have introduced a witness who shall have testified in regard to such transaction or conversation, in which case the person having such direct legal interest may be examined in regard to the facts testified to by such deceased person or such witness, but shall not be permitted to further testify in regard to such transaction or conversation."

In effect the trial court held that, under the foregoing provision of the code, Howard was not a competent witness to testify that the partnership purchased and owned the school-land contract in controversy—a transaction material to the defense pleaded. The correctness of this ruling is the controlling question presented by the appeal. An examination of the statute is therefore unavoidable. It will also be necessary to consider the real nature of the transaction itself in testing the competency of the witness. 1 Wharton, Law of Evidence (3d ed.), sec. 468. "Every human being of sufficient capacity to understand the obligation of an oath," declares the code, "is a competent witness in all cases," except as otherwise provided by statute. Code, sec. 328. Witnesses are only incapacitated by specific, statutory exceptions to the general provision which makes them competent to testify in all cases. Experience

has shown that the rejection of testimony in obedience to rules established by the code sometimes results in iniquities more shocking than the evils against which the legislation is directed, and for this and other reasons courts are not inclined to extend the statutory provisions beyond the import of the terms used by the legislature. Why was Howard's testimony rejected? It was because the trial court was of the opinion that the witness had a direct legal interest in the result of the suit; that the adverse party was the representative of a deceased person; that the witness in his deposition testified to a "transaction or conversation had between the deceased person and the witness."

Within the meaning of the latter clause, was the transaction to which Howard testified a transaction "between the deceased person and the witness"? He was not a party to the suit nor to any deed in either party's chain of title. This was the substance of the transaction: The partnership, which had been composed of the witness and John W. Clark, now deceased, bought for partnership purposes the school-land contract in controversy and paid for it with partnership funds. The assignment was taken in the name of John W. Clark, one of the partners. This was a transaction between the partnership and the holder of the school-land contract. To the actual transaction the relation of the witness and the deceased person was exactly the same. Both were partners on the same side of the same bargain. The firm, composed of the two members, was purchaser. Their interests were identical. A text-writer says: "The exception does not incapacitate where the transaction was with two or more parties, of whom one is dead, while the other, against whom suit is brought, survives." 1 Wharton, Law of Evidence (3d ed.), sec. 469. In *Hardy & Bros. v. Chesapeake Bank*, 51 Md. 562, 598, the foregoing rule was quoted with approval, the court of appeals saying: "If that construction is good as applied to the co-contractors on the defendant side of the contract, it is equally good as applied to the co-contractors on the

plaintiff side of the contract." In *Hayward v. French,* 12 Gray (Mass.) 453, 459, it was said: "The proviso in the statute of 1857, c. 305, 'that where one of the original parties to the contract or cause of action then in issue and on trial is dead, the other party shall not be admitted to testify in his own favor,' is not applicable to a case of a suit brought against a copartnership originally consisting of three members, one of whom has deceased before the trial, and on which trial the plaintiffs are offered as witnesses."

The transaction described by the witness Howard was not between the partners as individuals. It was not between John W. Clark, "the deceased person," and Thomas M. Howard, "the witness." It was a transaction between the partnership, composed of both Clark and Howard, on one side, and the holder of the school-land contract, on the other side, and was not therefore a transaction "between the deceased person and the witness." It follows that the surviving partner is not prevented by section 329 of the code from testifying to the real nature of the purchase.

For the erroneous rejection of testimony material to the defense, the judgment is reversed and the cause remanded for further proceedings.

REVERSED.

ROOT, J., not sitting.