CHARLES C. KAWIN CO. *v.* GOODALE CO.

WITNESSES—CORPORATIONS—TESTIMONY AS TO MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED OFFICER.

> In an action on a contract brought by one corporation against another, the vice-president of the plaintiff corporation may not testify to matters which, if true, would be equally within the knowledge of the deceased vice-president of the defendant corporation and not within the knowledge of any surviving officer or agent of the corporation, said testimony being within the inhibition of 3 Comp. Laws 1915, § 12553.

214—Mich.—33.

Error to Kalamazoo; Weimer (George V.), J. Submitted April 20, 1921.    (Docket No. 105.)    Decided June 6, 1921.

Assumpsit by the Charles C. Kawin Company against the Goodale Company for services rendered. Judgment for plaintiff.    Defendant brings error. Reversed.

*Harry C. Howard,* for appellant.

*Jackson, Fitzgerald & Dalm,* for appellee.

CLARK, J.    Assumpsit upon the common counts and upon a contract made by plaintiff and defendant, corporations.    Defendant reviews here on error a judgment for plaintiff.    The first question presented is, May the vice-president of the plaintiff company testify to matters which, if true, would be equally within the knowledge of the deceased vice-president of the defendant corporation?    Plaintiff's vice-president was permitted to testify to such matters.    Appellant says this was erroneous under section 12553, 3 Comp. Laws 1915, quoting in part:

"And when any suit or proceedings is prosecuted or defended by any corporation, the opposite party, if examined as a witness in his own behalf, shall not be permitted to testify at all in relation to matters which, if true, must have been equally within the knowledge of a deceased officer or agent of the corporation, and not within the knowledge of any surviving officer or agent of the corporation."

The language quoted became a part of our statute law by Act No. 245, Public Acts of 1881.

It is contended by appellee that under the holding in *Rust* v. *Bennett,* 39 Mich. 521, decided in 1878, the vice-president of plaintiff corporation is not an opposite party, that the plaintiff corporation is the

opposite party, and that such officer is not within the prohibition of the statute.   Of the case cited and of the amendment of 1881 it is said in Perkins on Evidence by Survivor, pages 161, 162:

"The passage of this amendment was necessary to meet the strict construction given to the original act and to prevent the defeat of the purpose of that act in those cases in which a corporation was a party. In an early case decided before the amendment, the court (COOLEY, J.) had said:

"'We have no doubt the corporators may so testify.  It is only parties to the suit the statute renders incompetent, and a corporator and the corporation are distinct persons, not in a legal sense identical at all.'"

Several interesting cases from other jurisdictions are cited by counsel but we need not consider them. This statute was before this court in *People's National Bank* v. *Wilcox*, 136 Mich. 567 (4 Ann. Cas. 465), where it was held (quoting from syllabus):

"A suit by a bank to foreclose a mortgage, brought against the mortgagor alone, was heard in connection with a suit by another corporation against the mortgagor and the bank to postpone the mortgage to complainant's execution levy.  *Held,* that, under 3 Comp. Laws, § 10212, neither the mortgagor nor the managing officer of the execution creditor could testify to conversations with a deceased officer of the bank, not in the presence of any surviving officer, having a tendency to impair the validity of the mortgage."

And it was also said:

"The statute is also intended to protect the interests of corporations when the testimony relates to matters within the knowledge of a deceased officer of a corporation."

It follows that defendant's objection to the testimony of plaintiff's vice-president relating to matters equally within the knowledge of defendant's deceased vice-president not shown to have been within the

knowledge of any surviving officer of defendant corporation, should have been sustained.

The other question raised is not likely to arise upon a new trial.

Judgment reversed, with costs, and a new trial granted.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.