GEORGE O. MONROE, APPELLEE, V. F. H. PARKER ET AL., APPELLANTS.

FILED FEBRUARY 10, 1932. No. 28130.

*Fradenburg, Stalmaster & Beber, Oscar T. Doerr* and *P. N. Klutznick*, for appellants.

*Battelle, Travis & Strehlow, contra.*

Heard before GOSS, C. J., DEAN and PAINE, JJ., and CARTER and RHOADES, District Judges.

DEAN, J.

This action was begun in the district court for Douglas county by George O. Monroe to recover $1,500 upon a promissory note, dated September 24, 1928, and executed and delivered to Monroe by the defendants F. H. Parker and William C. Raapke. The note by its terms is payable.

two years after date and bears interest at the rate of 10 per cent. per annum thereafter. A jury was waived and the case was tried to the court. Upon plaintiff's motion the court rendered a judgment in his favor for $1,780 and from the judgment so rendered the defendants have appealed.

The defendants assign as error the ruling of the court in sustaining plaintiff's objection to the introduction of evidence by the defendants on the ground, as stated by the court, that the proposed evidence was "not a proper defense to this note." It was stipulated by the parties that, were other witnesses to testify in behalf of the defendants, their testimony would substantiate the facts pleaded in the answer, and that the same ruling would be made by the court to objections interposed thereto by the plaintiff.

In their answer the defendants allege that the plaintiff, with others, was the owner of all the stock in the Omaha Suburban Theatres, incorporated, and that the corporation operated the Military Theatre in Omaha; that the corporation was in danger of losing its equipment through certain obligations which were then due and unpaid; and that the defendants, with a view of assisting the plaintiff and his associates out of such financial difficulties, received an assignment of 121 shares of stock therein. It is also alleged that, by reason of the financial difficulties of the corporation, the defendants personally advanced large sums of money, but that, notwithstanding such advancements so made, the corporation became insolvent. The defendants allege that the parties did not intend that any personal obligation should be created nor that the defendants would ever be required to meet the payment of the note in suit, and they contend that this note, with others, was executed by them to plaintiff, without consideration, and that the stock was assigned to such defendants merely to lend personal credit to the plaintiff and for no other purpose or consideration whatsoever.

Section 62-116, Comp. St. 1929, so far as applicable here, contains the following provision:

"Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto. As between immediate parties, and as regards a remote party, other than a holder in due course, the delivery, in order to be effectual, must be made either by or under the authority of the party making, drawing, accepting or indorsing, as the case may be; and in such case the delivery may be shown to have been conditional or for a special purpose only."

As noted above, the defendants alleged that the note in suit was given conditionally and for a special purpose, and they endeavored to prove the allegations contained in their answer by testimony offered in support thereof. The court, however, sustained practically every objection made thereto by the plaintiff.

In *Witte v. Broz,* 111 Neb. 76, we held:

"Under the provisions of the negotiable instruments act, section 4627, Comp. St. 1922, as between the immediate parties and as regards a remote party other than a holder in due course, the delivery of a negotiable instrument may be shown to have been conditional or for a special purpose only, and not for the purpose of transferring the property in the instrument."

And in *People's State Bank v. Smith,* 120 Neb. 29, we also held:

"In an action on a promissory note between the immediate parties thereto, testimony tending to prove the purpose for which a note is given does not violate the 'parole evidence rule.' Such evidence is specifically admissible under the negotiable instruments law. Comp. St. 1922, sec. 4627."

Under the provisions of section 62-116, Comp. St. 1929, the delivery of a promissory note may be shown to have been conditional or for a special purpose only, and where the allegations of the defendants' answer pleaded such defense and it was sought to prove such allegations by the testimony of the defendants' witnesses, the court erred in refusing to admit such testimony.

We conclude that, in view of the record and the law applicable thereto, the judgment must be and it hereby is reversed and the cause remanded for further proceedings consistent with the views herein expressed.

REVERSED.