E. H. Luikart, Receiver, appellant, v. Henry Braasch, Appellee.

Filed February 7, 1936. No. 29500.

*F. C. Radke, Radcliffe & Wehmiller* and *W. A. Crossland,* for appellant.

*Heaton & Heaton, contra.*

Heard before Goss, C. J., Rose, Good, Eberly, Day and Carter, JJ., and Chase, District Judge.

Rose, J.

This is an action on a promissory note for $1,345.82 with interest at the rate of 10 per cent. per annum, dated August 8, 1931, and payable on demand. Henry Braasch, defendant, signed the note. The Liberty State Bank of Sidney was payee, but became insolvent and E. H. Luikart, was appointed receiver February 2, 1932. As such he is plaintiff. It is alleged in the petition that no part of the debt has been paid except $282.48 and $52.14 on May 26, 1932.

The answer of defendant contained a general denial and affirmative defenses that the president of the bank requested him to indorse the note as surety for Ray Spiker, the debtor, and that defendant signed it and entrusted it to

the bank on the express condition that Spiker also sign it; that the bank, knowing the condition, failed to procure the signature of Spiker; that there was never any compliance by the bank with the condition on which defendant signed the note; that defendant did not receive any consideration for it.

In a reply to the answer the facts pleaded in defense were denied. It was also stated in the reply that the note in suit was the last of a series of former renewal notes owing by defendant to the bank; that on March 17, 1932, defendant applied for offsets of $282.48 and $52.14 in bank deposits against the note in controversy and that these offsets were duly allowed by the district court.

Upon a trial of the issues the jury rendered a verdict in favor of defendant. From a judgment dismissing the action plaintiff appealed.

It is urged on appeal that the evidence is insufficient to prove any defense to the case made by plaintiff, the receiver, and that the district court erred in overruling a motion to direct a verdict in his favor. The defense upon which defendant relies is that, without any consideration, he signed the note as surety and entrusted it to the bank on the express, unperformed condition that Ray Spiker, the debtor, also sign it. This is a valid defense, if proved, and the conditional delivery may be shown by oral testimony. Comp. St. 1929, sec. 62-116; *Farmers State Bank v. Baker*, 117 Neb. 29, 219 N. W. 580; *Witte v. Broz*, 111 Neb. 76, 197 N. W. 121; *Monroe v. Parker*, 122 Neb. 499, 240 N. W. 548.

Henry Braasch, defendant, was a witness in his own behalf and his testimony tends to prove the following facts: Ray Spiker was indebted to the bank in 1923 and a note for his debt was signed by him and by defendant as surety. Renewal notes thus signed were executed from time to time until the note in suit, as a renewal of the previous notes, was presented to defendant for his signature August 8, 1931. On that date Fred Slawson, president of the bank, met defendant on the street and said he had a note ready

for the signature of defendant and Ray Spiker. Slawson and defendant went into the bank and were alone there. Slawson got the note and said, when defendant signed it, "I will get Ray Spiker to write his name down there, too, and then the note will be O. K." Defendant did not then or previously receive any consideration and never made any payment on principal or interest. Previous notes bearing the signatures of both Spiker and defendant were identified as notes of which the note in suit was a renewal and were inserted in the record. Spiker did not sign it and the fact that his signature was never procured by Slawson or the bank was unknown to defendant until 1934. In substance defendant testified to the facts thus narrated.

Unless testimony of the nature outlined was improperly admitted over the objection that defendant was an incompetent witness, it presented a question for the jury on the issue of a conditional delivery of the note. Plaintiff argues, however, that defendant was not a competent witness to testify to the transaction or the conversation with Fred Slawson, a deceased person. In this connection the following provision of statute is invoked:

"No person having a direct legal interest in the result of any civil action or proceeding, when the adverse party is the representative of a deceased person, shall be permitted to testify to any transaction or conversation had between the deceased person and the witness." Comp. St. 1929, sec. 20-1202.

While defendant, the witness in the present instance, had a direct legal interest in the result of the action, the plaintiff bank, acting by the receiver, was the adverse party but not the representative of the deceased Slawson. The bank and Slawson were two separate entities. The insolvency and the appointment of the receiver did not extinguish the bank as a corporation. Its existence continues for the settlement of its affairs. Its records are evidence of its transactions. Bank officers other than the president are competent witnesses in its behalf.

"Every human being of sufficient capacity to understand

the obligation of an oath," says the statute, "is a competent witness in all cases, civil and criminal," with enumerated exceptions not applicable to the present inquiry. Comp. St. 1929, sec. 20-1201. Restrictions on competency are statutory and are ordinarily limited to statutory exceptions. When the restrictions are in plain language they are not open to extension by judicial interpretation. *Clark v. Fleischmann*, 87 Neb. 609, 127 N. W. 914. The statute uses the term "adverse party," which does not include agents or officers of the "adverse party." An analogous principle was stated in this form:

"A party to an action is not an incompetent witness by whom to prove a transaction with an agent of the other party since deceased." *German Ins. Co. v. Frederick*, 57 Neb. 538, 77 N. W. 1106. Followed in *Walker v. Hale*, 92 Neb. 829, 139 N. W. 658.

In support of the contention that defendant was not a competent witness, plaintiff cites *Sheldon v. Michigan Millers Mutual Fire Ins. Co.*, 124 Mich. 303, 82 N. W. 1068, and *Charles C. Kawin Co. v. Goodale Co.*, 214 Mich. 513, 183 N. W. 15. These cases are inapplicable to the present controversy owing to differences between statutes of Michigan and statutes of Nebraska. Other cases cited by plaintiff are not controlling here. Defendant was not an incompetent witness and his testimony is sufficient to sustain the verdict and judgment. There was therefore no error in the overruling of the motion for a directed verdict in favor of plaintiff.

It is further insisted that defendant received consideration in the form of two 100-dollar notes, evidencing his individual indebtedness to the bank—sums included in the renewal note in suit; that he was liable on the former notes signed also by Spiker; that the antecedent obligations were sufficient as consideration for the new note. The answer to these propositions is the defense of conditional delivery already explained and testimony by defendant to the effect that, when signing the note in controversy, he did not know the amount due on his individual notes was included; that

he paid his own debts by offsetting against them his personal deposits.

All assignments of error discussed by plaintiff have been considered without finding a substantial ground for reversing the judgment below.

AFFIRMED.