FRED J. LEFFERDINK, APPELLEE, v. HENRY H. SCHMUTTE, APPELLANT.

32 N. W. 2d 194

Filed May 7, 1948. No. 32344.

*Lloyd E. Chapman,* for appellant.

*Baylor, Bloss & Evnen,* for appellee.

Heard before SIMMONS, C. J., MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and BARTOS and JACKSON, District Judges.

YEAGER, J.

This is a suit by plaintiff and appellee against defendant and appellant on a promissory note wherein plaintiff obtained judgment against defendant.

The cause was tried to a jury. At the conclusion of the evidence, on motion of plaintiff, a verdict was directed in his favor and against the defendant for $1,450. Judgment was entered on the verdict. Motion for new trial was duly filed by defendant which motion was overruled.

From the verdict and judgment and the order overruling the motion for new trial the defendant has appealed.

As grounds for reversal the defendant asserts (1) that the court erred in excluding evidence offered by appellant to prove affirmative defenses set forth in his answer, (2) that the court erred in directing a verdict in favor of plaintiff and against the defendant, (3) that the judgment is not sustained by the evidence and is contrary to law, and (4) that the court erred in overruling the motion for a new trial.

The petition of plaintiff was in the usual form used in actions for recovery on promissory notes. Plaintiff set out the note, which is as follows:

"Hickman, Nebraska, Aug 1 1937 Two years days after date, for value received, we or either of us, promise to pay to the order of F. J. Lefferdink Eight hundred & fifty DOLLARS, $850.00 with interest at the rate of 4 per cent per annum from date

to maturity and ten per cent from maturity until paid. The makers and endorsers of this note hereby severally waive presentment for payment, notice of non-payment, protest, and consent that time of payment may be extended without notice thereof.

I sign this note intending hereby to charge my separate estate with its payment.

H. H. Schmutte"

Plaintiff then pleaded that the note with the interest provided by the terms of the note was due and unpaid except for payments of $34, December 31, 1938, $34, May 15, 1940, and $50, August 25, 1943, leaving a balance due in the amount of $1,397.02.

To the petition the defendant filed an answer. The answer contains a general denial of the allegations of the petition. As an affirmative defense the defendant claimed a credit of $150 under an alleged oral contemporaneous agreement whereby plaintiff agreed to give defendant credit on the note for material furnished and work performed by defendant in repairing a house, well, and fences upon a farm owned by plaintiff on which defendant had formerly been a tenant. Defendant alleged that the reasonable value of the work and material was $150. Defendant further alleged affirmatively a contemporaneous oral agreement that he would not be called upon to pay the note in money but that payment was to be made by credit for the afore-mentioned work and material and that the balance was to be paid by work to be performed thereafter for plaintiff by defendant; that work was performed of the value of $184.50 for which he was entitled to credit which has not been given. He also filed a counterclaim but it was dismissed on his own motion, therefore it requires no consideration here.

The allegations of the answer which are inconsistent with the allegations of the petition were denied by a reply.

The judgment rendered, according to the bill of ex-

ceptions, appears to have been for the face of the note with interest according to its tenor less the endorsed credits, less a credit for payment of $126.50 which includes four of the items for work claimed by defendant in his answer, and less $41.35 allowed at the suggestion of the attorney for plaintiff, the reason wherefor is not disclosed.

On the trial of the case the court rejected evidence whereby the defendant sought to prove the alleged oral agreement that credit was to be allowed on the note for material furnished and work performed prior to the time of the execution and delivery of the note and some evidence the effect of which was to prove the alleged oral agreement that the note was not to be paid in money but in work to be performed for plaintiff.

The evidence offered to prove the alleged agreement for credit for past furnished material and past performed labor was clearly inadmissible.

The effect of the evidence rejected was to prove by parol and to attach to the note a condition subsequent. There is no doubt on the record that the note was based on a valid consideration and was for an amount of money due and owing and that it was intended to be a valid and binding obligation. It was a renewal note for rent long owing. The purpose of the evidence was to effect a modification or change by parol of the note the validity of which as a binding obligation from the date of execution was not brought by evidence into question. This being true, under well-settled legal principles of law the trial court rightly rejected the evidence.

The applicable rule is that parol evidence is not admissible which seeks to modify, nullify, or change the character of a promissory note which has been delivered and has become an obligation by showing that it is to cease to be effective in whole or in part or is to have an effect different from that stated therein. Security Savings Bank v. Rhodes, 107 Neb. 223, 185 N. W. 421, 20 A. L. R. 412; Gund v. Roulier, 108 Neb. 589, 188 N. W.

185; Security National Co. v. Sanders, 60 N. D. 597, 235 N. W. 714; Phelps v. Abbott, 114 Mich. 88, 72 N. W. 3.

The defendant however contends that under the terms of section 62-116, R. S. 1943, which is a provision of the Negotiable Instruments Act, he was entitled to have this evidence admitted. The section is the following: "Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto. As between immediate parties, and as regards a remote party, other than a holder in due course, the delivery, in order to be effectual, must be made either by or under the authority of the party making, drawing, accepting or endorsing, as the case may be; and in such case the delivery may be shown to have been conditional or for a special purpose only, and not for the purpose of transferring the property in the instrument. But where the instrument is in the hands of a holder in due course, a valid delivery thereof by all parties prior to him so as to make them liable to him is conclusively presumed. And where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed, until the contrary is proved."

Neither the terms of the statute nor the decisions cited sustain defendant's contention. The note was neither incomplete nor revocable within the meaning of the statute since there was a delivery. The delivery was made by the defendant, the party making it. There was no evidence within the meaning of the statute indicating that the note was conditional or for a special purpose only and not for the purpose of transferring the property in it. To the contrary the evidence without dispute shows an intention that on delivery the transfer of the property in the note should be complete.

The decisions of this court on this proposition arrive at the conclusion that parol evidence is admissible under section 62-116, R. S. 1943, to show that the delivery of

a promissory note was given conditionally or for a special purpose only and not for the purpose of transferring the property in it, but is not admissible if there has been delivery for the purpose of transferring the property in the instrument. Witte v. Broz, 111 Neb. 76, 197 N. W. 121; People's State Bank v. Smith, 120 Neb. 29, 231 N. W. 141; Monroe v. Parker, 122 Neb. 499, 240 N. W. 548; Luikart v. Braasch, 130 Neb. 361, 265 N. W. 13; Security Savings Bank v. Rhodes, *supra.*

Parol evidence of the alleged agreement that payment of the note was to be made by work and labor to be furnished by the defendant was objectionable for the same reasons as was the evidence of the agreement for credit for earlier work and material. The authorities applicable there are equally applicable here.

To allow proof by parol that there was an agreement to pay the note in question other than in money would be to allow the terms of the note to be varied by parol. It was said in Vradenburg v. Johnson, 3 Neb. (Unoff.) 326, 91 N. W. 496: "Where a promissory note in the usual form calls for the payment of money, evidence that it was to be paid in work and labor can not be received against the objection of the holder."

The evidence in these two respects which was rejected was properly so rejected.

The evidence relating to payments on the note during the years 1940 and 1941 appears to have been erroneously rejected. This evidence was offered in support of allegations of payment of $27.50 by work in 1940 and $48 by work in 1941. This evidence was apparently rejected on either the ground that such evidence would tend to vary the terms of a written instrument or that the statute of limitation had run on the right to assert payment. These two grounds appear in the objections which were sustained.

No authority is cited to sustain the validity of the objections on either ground and we think none may be found. Certainly proof that a promissory note was paid

in whole or in part other than by cash is not to be rejected on the ground that a written instrument is varied by such proof. Equally certainly the maker of a promissory note is not barred by any statute of limitation from making proof of payment of the note in whole or in part.

The court erred in the rejection of the evidence of payment which was proffered.

The defendant defends against interest on the note on the ground that it is usurious. This defense, however, is not available. It is true that section 45-102, R. S. 1943, fixes the maximum legal rate of interest at nine percent. It is also true that section 45-105, R. S. 1943, provides that if proof is made that an illegal rate of interest has been taken, contracted for, or reserved there shall be no recovery of interest at all but that the principal may be recovered. These two sections of the statutes as now appearing were in full force and effect at the time of the execution of the note herein but we must conclude that section 45-105 did not at that time apply alone to section 45-102. It also applied to section 45-101. At that time section 45-101 permitted a contract for interest not exceeding ten percent. Section 45-101 was not amended to conform with section 45-102 until 1941.

It therefore appears that the court erred in rejecting the defense of payment as to the items discussed. Whether the evidence in support of the defense would have been sufficient upon which to submit that issue to a jury is not ascertainable from the record. It further appears for the reasons set out that the directed verdict and judgment thereon were erroneous and contrary to law.

The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

CHAPPELL, J., concurs in the result.