ROY BOWEN, APPELLEE, v. GEORGE FARRENS ET AL.,
APPELLANTS.
76 N. W. 2d 417

Filed April 20, 1956. No. 33922.

*Don S. Farrens* and *Fred S. Jack,* for appellants.

*Spear & Lamme, Ron K. Samuelson,* and *Keith Hopewell,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is a replevin action brought by the plaintiff, as mortgagee, against the defendants, as mortgagors, for possession of certain farm machinery, livestock, grain, and seed. The trial court directed a verdict for the plaintiff at the close of all the evidence, and the defendants appeal.

The defendants entered into a farm lease with the plaintiff on December 23, 1950, which provided that defendants were to farm certain lands of the plaintiff and raise livestock thereon on a "fifty-fifty" arrangement for the farm-lease year commencing March 1, 1951. The evidence shows that defendants were lacking in finances at the time the lease was entered into. The plaintiff knew this at the time the lease was made. The defendants testified that plaintiff stated he would finance them and see them through for the lease period. Plaintiff denied that any such statement was ever made by him.

The evidence shows that defendants had to have a lease before they could obtain any credit. It was on

this basis that the lease was entered into. Defendants, after obtaining the lease, sought a loan with a government loan agency and at the Burt County State Bank. They were unsuccessful in obtaining credit from either source for the farm operation. Thereafter, plaintiff did arrange for credit to be extended to the defendants. This was accomplished by plaintiff and defendants going to the Farmers and Merchants National Bank, Oakland, Nebraska, where a loan of $5,000 was negotiated by the defendants on the basis of plaintiff's credit. A note was made out for the $5,000, which was signed by the defendants and the plaintiff. At the same time plaintiff sold certain livestock, machinery, and grain to the defendants and received a note for $9,034.75 secured by a chattel mortgage for such amount on the livestock, machinery, grain, and seed then owned by the defendants, such lien being subject to the bank's mortgage for $5,000. It is the note and mortgage for $9,034.75, bearing date of March 5, 1951, which is the subject of the present action. The $5,000 note to the bank and the $9,034.75 note given the plaintiff each matured on December 31, 1951. The note to the bank had been reduced to $2,164 at the time this action was commenced. No payments had been made on plaintiff's note.

At the trial plaintiff offered in evidence his note and mortgage. Defendants admitted their signatures thereto. They also testified that they read the note and mortgage before they signed them and that they fully understood the contents, including the date of maturity.

The defendants contend that plaintiff stated before the execution of the note and mortgage that he would finance them and see that they got plenty of money, and that he would not foreclose. It is clear, we think, that these statements made prior to the making of the note and mortgage are merged in those instruments and cannot be construed as a condition to the execution of the note and mortgage. The statements, even if made, were too general as to their terms to constitute an en-

forceable agreement. In any event, such statements being in parol, cannot have the effect of varying the maturity date of the instruments. As early as Van Etten v. Howell, 40 Neb. 850, 59 N. W. 389, this court has held: "The trial court properly ruled that no evidence was admissible when offered, and instructed the jury that none should be considered which tended to vary or contradict the terms of the several notes by showing that contemporaneously with making each an oral agreement was entered into by the makers and payee contradictory of the terms of such note." See, also, Lefferdink v. Schmutte, 149 Neb. 695, 32 N. W. 2d 194; Marmet v. Marmet, 160 Neb. 366, 70 N. W. 2d 301.

There is evidence on the part of the defendants that plaintiff orally agreed, after the execution of the note and mortgage, to extend the time of payment beyond the maturity date stated therein. There is no evidence of any consideration for any such agreement. In Apking v. Hoefer, 74 Neb. 325, 104 N. W. 177, this court said: "Even if the defendant agreed orally, after the contract was executed, that the plaintiffs might have a few days after July 10 to meet the payment maturing on that date, it was a naked promise, without consideration, and could not be enforced." See, also, Roden v. Williams, 100 Neb. 46, 158 N. W. 360, L. R. A. 1917A 415.

Defendants assert fraud on the part of the plaintiff in that the latter made representations that he would finance the defendants and not foreclose. Defendants further assert that the making of the lease on December 23, 1950, and the execution of the notes and mortgages on March 5, 1951, were all a part of a carefully designed fraud upon the defendants. They tendered evidence, which the trial court refused, to the effect that plaintiff had followed a similar plan the previous year with a different tenant.

The parol evidence rule is not merely one of evidence, but is a rule of substantive law, which declares that

certain kinds of facts are legally ineffective, and forbids such facts to be proved at all. Theno v. National Assurance Corp., 133 Neb. 618, 276 N. W. 375. It is also a fundamental rule that fraud must relate to a present or preexisting fact, and cannot ordinarily be predicated on unfulfilled promises, or statements as to future events. Theno v. National Assurance Corp., *supra.* The evidence in this case shows that the lease agreement was entered into on December 23, 1950. Thereafter defendants sought credit to carry on their operations at two financial institutions without success. Plaintiff did then agree to finance the defendants. He signed the defendants' note at the bank for $5,000 and sold them livestock, machinery, and grain, taking their note and mortgage for $9,034.75 therefor, which was subject to the $5,000 bank loan. It cannot be said that plaintiff did not provide substantial finances to these defendants. The claim that plaintiff agreed not to foreclose was clearly without consideration and unenforcible, even if made. Such contentions are unenforcible under the parol evidence rule. They are not sufficient to establish fraud. The fact that plaintiff had a similar experience with another tenant the previous year is not competent evidence of a design to defraud the defendants at the inception of the transaction. It could have been a coincidence, if true, having no bearing whatever on the intentions of the plaintiff in his dealings with these defendants. The elements of fraud are lacking, elements which the defendants must establish to sustain fraud as a defense. Rettinger v. Pierpont, 145 Neb. 161, 15 N. W. 2d 393. There is no competent evidence in this record of any representations made by the plaintiff upon which defendants had a right to and did rely. The defense of fraud was not proved.

The trial court found that the note and mortgage were entitled to be enforced according to their terms as a matter of law, and directed a verdict for the plaintiff.

The ruling was in all respects correct, and the judgment of the district court is affirmed.

AFFIRMED.