R. T. Caldwell, appellee, v. James R. Wells, appellant.
117 N. W. 2d 486

Filed October 26, 1962. No. 35240.

Young, Denenberg & Mullery, for appellant.

Leslie D. Carter, for appellee.

Heard before Simmons, C. J., Carter, Messmore, Yeager, Spencer, Boslaugh, and Brower, JJ.

Messmore, J.

This is an action at law brought in the municipal court of Omaha by R. T. Caldwell as plaintiff, against James R. Wells, defendant, on a promissory note to recover the amount of $1,177.03, and costs. The defendant prevailed in the municipal court. The case was appealed to the district court for Douglas County by the plaintiff. The plaintiff's petition in the district court alleged that on September 28, 1959, the defendant did execute and deliver to the plaintiff a promissory note in the sum of $1,177.03. Defendant in his answer, among other affirmative defenses, alleged that the defendant received no consideration for the signing of the note, and pleaded lack of consideration as a defense; and that the note was never delivered by the defendant to the plaintiff or any other person acting in the plaintiff's behalf.

A jury was selected, duly impaneled, and sworn, and the trial was continued to December 20, 1961. Hearing

was had at the trial court's request. The defendant stated his theory of his defense. The trial court ruled that the defendant's statement of his theory of the defense did not constitute a legal defense to the plaintiff's claim. The defendant made an offer of certain exhibits and statements for the record. The plaintiff made a motion for judgment, and offered the instrument sued upon. The plaintiff's motion was sustained and the trial court rendered judgment in favor of the plaintiff in the sum of $1,177.03, with interest and costs as prayed for in the plaintiff's petition.

The defendant filed a motion for new trial. The defendant also filed a motion to have the motion for new trial set for hearing before the presiding judge of the district court for Douglas County for the reason that the trial court had disqualified itself from further acting in the case and from deciding the motion for new trial because the trial court considered the results of a private ex parte investigation unknown to the defendant, and for the reason that the defendant was not given an opportunity to present evidence to rebut the ex parte investigation made by the trial court.

The transcript shows: "THE COURT: Following the first pre-trial conference the Court made inquiry of the Secretary of State at Lincoln as to the status of James, Inc., and received the following communication: 'James, Inc., dissolved on Dec. 9, 1957, for failure to pay occupation tax.' "

The defendant's motion for new trial was overruled. The defendant perfected appeal to this court.

The principal assignments of error are as follows: The trial court erred in holding that the defense of failure of consideration was not a valid defense to the instrument upon which the plaintiff sued; the trial court erred in not allowing evidence on the issue of lack of delivery which is a valid defense to the note upon which the plaintiff sued; and the trial court erred in conducting an independent investigation as to matters concern-

ing the issues between the parties and should have either disqualified himself or referred the defendant's motion for a new trial to another trial judge.

On December 20, 1961, proceedings were held in chambers before the trial judge wherein the trial court made a finding that there was no controversial issue of fact, rendered judgment for the plaintiff, and discharged the jury.

We first point out that it is not the prerogative of a trial court to make an independent investigation concerning issues between the parties when there is no provision of law providing for such an investigation. In the instant case the trial court was following improper procedure which was prejudicial.

In Leach v. Treber, 164 Neb. 419, 82 N. W. 2d 544, this court said: "In an action on a promissory note, the party alleging want of consideration has the burden of proving it by a preponderance of the evidence." See, also, Plaza Hotel Co. v. Hotel Stratton, 132 Neb. 396, 272 N. W. 224.

In Elmcreek Ditch Co. v. St. John, 127 Neb. 253, 255 N. W. 16, this court said: "The right to make the statutory defense of 'failure of consideration' in an action on a negotiable promissory note implies the right to prove that defense by competent evidence." There are other cases holding as the above-cited cases.

The lack of delivery of a promissory note is an affirmative defense. See, §§ 62-115 and 62-116, R. R. S. 1943; Monroe v. Parker, 122 Neb. 499, 240 N. W. 548; Luikart v. Braasch, 130 Neb. 361, 265 N. W. 13.

Other assignments of error need not be determined.

We conclude that in the light of the affirmative defenses set up in the defendant's answer and the proceedings held by the trial court the defendant is entitled to a new trial.

We reverse the judgment of the trial court and remand the cause for a new trial.

REVERSED AND REMANDED.